■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD F. HALVORSEN, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered April 6, 1977, convicting defendant, upon his plea of guilty, of the crime of reckless endangerment in the first degree and sentencing him to a term of imprisonment. On September 18, 1976 two of defendant's teenage sons, Ronald and Bryn, the latter a 9th grade high school student, had a violent argument with their father concerning the family dog. The two boys left the house and while standing near the highway that passed in front of their home, they observed their father in the driveway, pointing a gun at the dog's head. Bryn ran back toward the house verbally admonishing the defendant not to shoot the animal. The father turned and shot his son. The boy was permanently paralyzed. The defendant was indicted for attempted second degree murder (Penal Law, §§ 110.00, 125.25). Thereafter, he pleaded guilty to reckless endangerment in the first degree (Penal Law, § 120.25) and was sentenced to an indeterminate term of imprisonment with a maximum of six years (Penal Law, § 70.00, subd 2, par [d]). The sole issue raised by defendant is that the sentence imposed was excessive. The trial court, prior to the imposition of sentence, was furnished with a presentence written investigation by the St. Lawrence County Probation Department, and, further, conducted a presentence conference at which the defendant was represented by counsel, and defendant's wife and his son, Ronald, testified with respect to certain contents of the probation report in order that issues of confidentiality might be resolved. After careful consideration the court concluded there was an absence of mitigating circumstances and imposed the sentence challenged on this appeal. Sentencing is a matter resting within the sound discretion of the trial court and the sentence imposed should not be reduced on appeal unless there is an abuse of that discretion *(People v Junco,* 43 AD2d 266; *People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Here, the trial court conscientiously reviewed the facts and other relevant material before arriving at a fair sentence. The sentence imposed did not fix the maximum as permitted by statute (Penal Law, § 70.00, subd 2, par [d]) nor did it set a minimum, leaving that duty to the Parole Board. We cannot say the sentence was excessive. Judgment affirmed. Sweeney, J. P., Mahoney, Larkin, Mikoll and Herlihy, JJ., concur.