■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY BLUNK, MARY PATTEN, MARGOT PELLETIER and EVE ROSAHN, Appellants. — Appeals (1) by defendant Mary Patten, as limited by her motion, from a sentence of the Supreme Court, Queens County (Lonschein, J.), imposed July 8, 1982, on her convictions of resisting arrest (Penal Law, § 205.30) and criminal trespass in the third degree (Penal Law, § 140.10), upon a jury verdict, and (2) by defendants Margot Pelletier, Timothy Blunk and Eve Rosahn, as limited by their motions, from three sentences (one as to each of them) of the same court, all imposed July 8, 1982, on their convictions of resisting arrest (Penal Law, § 205.30), and riot in the second degree (Penal Law, § 240.05), upon pleas of guilty. Sentences affirmed. The record reveals that on September 26, 1981, between 5:20 P.M. and 7:00 P.M., the four defendants and more than 50 other persons, were active participants in a violent and unlawful demonstration at Kennedy Airport. During the melee some of the demonstrators threw bottles containing butyric acid, and a number of police officers and civilians suffered burns and other injuries. In view of the above facts and other circumstances, the sentences imposed by Criminal Term did not constitute an abuse of discretion, and therefore they should not be reduced on appeal (see *People v Hochberg,* 62 AD2d 239; *People v Roman,* 84 AD2d 851; *People v Halvorsen,* 60 AD2d 927). We also disagree with defendants' other contention that the sentences imposed resulted from improper "ex parte communications". Criminal Term, in determining what sentences should be imposed, was justified in taking into account not only the adjudications of guilt and the probation reports but also the chaos, confusion and injuries resulting from the subject demonstration in which defendants played an active part. Sentencing involves consideration of the crimes charged, the particular circumstances of the offender, and the purposes of a penal sanction (*People v Farrar,* 52 NY2d 302, 305; *People v McConnell,* 49 NY2d 340, 346; *People v Suitte,* 90 AD2d 80). Titone, J. P., Mangano, Thompson and Brown, JJ., concur.