■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IBRAHIM MOLINA, Appellant.—Casey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered November 21, 1985, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree.

A November 14, 1984 indictment charged defendant with four counts of criminal sale of a controlled substance in the third degree. A later indictment on December 19, 1984 charged defendant with one count of criminal sale of a controlled substance in the third degree and one count of criminal possession in the third degree. The indictments having been consolidated for trial, the People moved, on September 18, 1985, to sever counts Nos. 1 and 2 of the first indictment and to limit the trial on that indictment to the latter two counts, together with both counts of the second indictment. The motion was granted and, after trial, defendant was convicted of all four counts. They all stemmed from sales of cocaine to an undercover police officer. On November 21, 1985 defendant was sentenced to an indeterminate prison term of 5 to 15 years on his conviction of the two counts charged in the second indictment and 2⅓ to 7 years on his conviction of both counts of the first indictment, all sentences to run concurrently.

On this appeal, defendant challenges only the sentence of 5 to 15 years as harsh and excessive. The sentence imposed was

---

legal and below the maximum that could have been imposed. In the circumstances presented at trial and considering the nature and extent of defendant's convictions, we find no abuse of discretion by County Court in respect to defendant's sentencing *(see, People v Halvorsen,* 60 AD2d 927). Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.