■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AZIM GADSDEN, Appellant. [711 NYS2d 788] —Cardona, P. J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered January 12, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

After departing a bus on March 17, 1998, defendant was stopped by police at a bus station in the City of Schenectady, Schenectady County, and found to be in possession of crack cocaine. He was charged with the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Thereafter, defendant made an omnibus motion seeking to have County Court, *inter alia,* conduct a *Dunaway/Mapp* hearing for the purpose of suppressing certain evidence. County Court (Eidens, J.) summarily denied the request and defendant was subsequently convicted after trial of the crimes charged. He was sentenced to concurrent prison terms of 5 to 15 years on each count and now appeals.

We affirm. Initially, we find no error in County Court's failure to conduct a *Dunaway/Mapp* hearing under the circumstances presented herein. CPL 710.60 (3) (b) provides that a court may summarily deny a suppression motion, without a hearing, if "[t]he sworn allegations of fact do not as a matter of law support the ground alleged." "Hearings are not automatic or generally available for the asking by boilerplate allegations" (*People v Mendoza,* 82 NY2d 415, 422). Rather, "[a] hearing is required where 'the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue'" (*People v Bailey,* 218 AD2d 569, 571, quoting *People v Gruden,* 42 NY2d 214, 215).

Defendant's motion papers are devoid of factual information supporting his claim that the evidence obtained by the police must be suppressed because the initial stop was illegal. In his affidavit in support of the motion, defendant's attorney stated, in conclusory fashion, that: "The initial pretext for the stop of * * * defendant at the Schenectady Bus Station was without any legal basis. Police had no right to stop and inquire of * * * defendant. Any claimed consent to search was involuntarily given." Similarly, defendant merely averred that "[p]olice offi-

cers detained and questioned me for no justifiable basis [and] I did not voluntarily or knowingly consent to any search". Notably absent from defendant's papers is any reference to the circumstances under which the allegedly illegal stop and detention occurred. Consequently, we do not find that County Court's summary denial of that aspect of defendant's omnibus motion seeking a *Dunaway/Mapp* hearing constituted an improvident exercise of discretion (*see, People v Huntley*, 259 AD2d 843, *lv denied* 93 NY2d 972; *People v Wright*, 256 AD2d 643, *lv denied* 93 NY2d 880).

Likewise, we do not find that the sentence was either harsh or excessive. County Court imposed a legal sentence that was less than the maximum authorized by statute (*see,* Penal Law § 70.00 [2] [b], [c]; [3] [b]). In light of this as well as the seriousness of the crimes, we do not find that County Court abused its discretion in sentencing defendant (*see, People v Randolph*, 240 AD2d 856, *lv denied* 91 NY2d 878; *People v Kitchings*, 239 AD2d 665, *lv denied* 90 NY2d 860; *People v Molina*, 149 AD2d 813). Furthermore, insofar as the sentence was within statutory limits, we reject defendant's claim that it violates the constitutional prohibition against cruel and unusual punishment (*see, People v Jones*, 39 NY2d 694, 697).

Mercure, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.