■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RODRIGUEZ, Appellant.—Appeal from judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., on suppression motion; William H. Wallace, III, J., at trial and sentence), rendered June 28, 1990, convicting defendant, after trial by jury, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of imprisonment of 5 to 10 years, unanimously held in abeyance and the matter remanded for a hearing on defendant's motion to suppress physical evidence.

Defendant was arrested on October 12, 1989 and charged in connection with his alleged sale of cocaine to an undercover police officer. The court properly denied his first suppression motion, which offered only the conclusory averment by defendant's attorney that defendant was arrested without "any reasonably reliable information to support the conclusion that he had committed a crime," and was countered by the prosecution's specific factual allegations that defendant had sold drugs to an undercover officer who had immediately communicated his description to his backup team which had promptly arrested the defendant, who fit the description. However, the court then granted defendant's new counsel's prompt motion for reargument and considered the factual allegations in his new attorney's affirmation. These allegations, which were made upon information and belief based on conversations with the defendant and his prior attorney, as well as on court records and information received from Assistant District Attorneys, included the statement that defendant did not sell drugs to anyone on October 12, 1989 and that he was seized in an illegal "drug sweep" although he had not sold any drugs. The court granted defendant's motion to reargue and "upon reargument" denied his motion to suppress without a hearing.

Contrary to the prosecution's argument, the statement that defendant did not sell drugs to anyone on the day in question is clearly a factual allegation, fully within the knowledge of the defendant, and not a conclusion. In light of this, it is clear that the facts alleged by defendant "would, if uncontradicted, have been sufficient to warrant suppression" and that a hearing was therefore required *(People v Mosly,* 136 AD2d 500,

501; *see also, People v Huggins,* 162 AD2d 129). Concur— Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.