OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified by remitting the case to Supreme Court, Bronx County, for further proceedings in accordance with the following memorandum and, as so modified, affirmed.
 

 Defendant was arrested while allegedly acting as one of three team members selling crack cocaine. The complaint stated that the arresting officer observed defendant accept United States currency from a customer and then, with a codefendant, escort the purchaser to a third defendant who handed the purchaser a vial of crack cocaine. On appeal defendant’s primary challenge is to a ruling of the trial court denying without a hearing his motion to suppress evidence.
 

 Defendant moved to suppress a beeper the officer found on him at the time of the arrest, alleging that the police lacked a legal basis to arrest and search him. Specifically, he alleged:
 

 "that he did not sell drugs, nor assist the other individuals [with whom he was arrested] to possess or sell drugs. The defendant asserts that the police were either mistaken when they arrested and searched the defendant, or are simply l[y]ing as to the defendant’s role.”
 

 The People’s response stated the time and place of the arrest, that defendant was acting in concert with others in selling cocaine, that the arresting officer was acting with probable cause, and that the search was incident to a lawful arrest. The court denied a pretrial hearing concluding defendant had failed to set forth in his motion papers any factual issue requiring a hearing. Defendant was subsequently convicted of drug charges and the Appellate Division affirmed.
 

 In
 
 People v Mendoza
 
 (82 NY2d 415), we established certain guidelines for determining whether motion papers were sufficient to warrant a hearing for suppression. We stated that the motion may be summarily denied if " 'the sworn allegations of fact do not as a matter of law support the ground alleged’ ” to require suppression
 
 (id.,
 
 at 421, quoting CPL 710.60 [3] [b]). When testing the sufficiency of defendant’s factual allegations, the court should, we said, consider (1) the face of the plead
 
 *990
 
 ings, (2) assessed in conjunction with the context of the motion and (3) defendant’s access to information
 
 (id,.,
 
 at 426).
 

 Applying these criteria, it appears that although defendant denied the police had probable cause, a legal conclusion, he also alleged facts warranting a hearing. He denied that he sold drugs or assisted others in selling or possessing drugs. These allegations were sufficient when considered in the context of the case and in light of the minimal information available to the defendant at the time of the motion limited, as he was, by the bare allegations in the complaint that he had, after receiving money, escorted the purchaser to another defendant from whom the purchaser received cocaine. Based upon that meager information, defendant could do little but deny participation in the sale. Moreover, the People’s responding papers added no further information revealing the factual predicate for defendant’s arrest, other than to suggest that the arresting officer observed him doing that which he plainly denied. By failing to set forth the facts leading to defendant’s arrest, the People failed to render defendant’s flat denial insufficient.
 

 The People insist that defendant must offer an innocent explanation for his conduct or at least respond to the People’s papers. A response would have added little to his claim that he did not sell drugs or assist anyone else to sell or possess drugs, however, and he was not obliged to address the People’s largely conclusory assertions.
 

 We have considered defendant’s claim that he was denied a fair trial and find no ground for reversal.
 

 Accordingly, the matter is remitted for a suppression hearing and, if defendant is successful, dismissal of the indictment, or if he is unsuccessful, for amendment of the judgment to reflect that result.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order modified by remitting the case to Supreme Court, Bronx County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.