■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY BAILEY, Appellant. [603 NYS2d 499] —Appeal from judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered February 8, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to a term of from three to six years, held in abeyance and the matter remanded for a hearing on defendant's motion to suppress evidence.

The appeal should be held in abeyance, and the matter remitted to the Supreme Court for a *Mapp* hearing (*Mapp v Ohio*, 367 US 643). It was error to deny the defendant's motion to suppress physical evidence summarily.

In an affirmation in support of the motion, defense counsel alleged that:

"11. On June 13, 1991 at approximately 5:55 pm, Mr. Bailey was standing in the area of 227th Street and White Plains Road.

"12. Mr. Bailey was not involved in any suspicious or criminal activity.

"13. Mr. Bailey was not involved in any overt criminal activity at that time and place.

"14. Mr. Bailey asserts that no illegal contraband was in such a position so as to be seen by a police officer.

"15. Mr. Bailey was legitimately in the area in that he was at a restaurant which is at that location.

"16. Mr. Bailey was approached by at least two law enforcement agents.

"17. Mr. Bailey was searched without his consent and taken into custody. The police officer had no reasonable suspicion to stop nor probable cause to arrest Mr. Bailey."

The People's opposition papers challenged the sufficiency of the defendant's factual allegations, and argued that "any evidence taken from Stanley Bailey * * * was obtained as a direct consequence of the criminal activity of the defendant". The People consented to a hearing "should the Court find reasonable doubt as to the legality of the evidence seized".

The trial court did not, as the dissent suggests, find the defendant's motion papers insufficient to warrant a hearing. The court denied the motion, without holding a hearing, on the ground that the items were properly seized upon a search incident to a lawful arrest. Upon reargument, the court still declined to hold a hearing, concluding, on the same factual basis, that the items were properly retrieved.

The trial court's conclusion that the gun was retrieved as a result of a search incident to a lawful arrest was a resolution, in the People's favor, of the disputed factual issue of the circumstances of his arrest. Such factual determination, upon which the court's denial was explicitly based, could only be made after an evidentiary hearing.

CPL 710.60 (3) (b) provides that a court may summarily deny a suppression motion only if the defendant does not allege a

proper legal basis for suppression, or if the "sworn allegations of fact do not as a matter of law support the ground alleged". A hearing is required, where "the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue" (*People v Gruden*, 42 NY2d 214, 215; *People v Mendoza*, 82 NY2d 415, 421; *People v Hightower*, 85 NY2d 988).

The motion was denied on an erroneous basis. The alleged drug transaction and the arrest were nearly simultaneous, such that the defendant's denial that he was "involved in any suspicious or criminal activity", "involved in any overt criminal activity", or that any "illegal contraband was in such a position to be seen by a police officer" was a denial of purchasing drugs (*cf., People v Mendoza*, 82 NY2d 415, 430, *supra* [averment of acting in " 'lawful manner' " not equivalent to denial of participation in drug sale]).

The Court of Appeals has rejected a prosecution contention that "defendant must offer an innocent explanation for his conduct or at least respond to the People's papers" (*People v Hightower, supra*, at 990). The People further gave their qualified consent to a hearing if the court had any doubt "as to the legality of the evidence seized". Concur—Rosenberger, J. P., Ellerin, Ross and Williams, JJ.

Tom, J., dissents in a memorandum as follows. Defendant was arrested after a New York City Police Sergeant, involved in an unrelated buy-and-bust operation, saw him purchase a bag of marihuana from one of the persons under observation by the undercover officer. A loaded .22 caliber pistol was subsequently recovered from a purse in defendant's possession.

The trial court properly denied defendant's motion for a *Mapp* hearing as the bare allegations in counsel's supporting affirmation that defendant was not involved in any overt criminal activity and that no illegal contraband was in his possession in open view at the time of his arrest were insufficient, as a matter of law, to raise a factual issue warranting a suppression hearing (*People v Marte*, 207 AD2d 314, 316, *lv denied* 84 NY2d 937; *People v Coleman*, 191 AD2d 390, *affd* 82 NY2d 415). Defendant's conclusory assertions do not dispute the sufficiency of probable cause for his arrest based on the earlier drug transaction observed by the undercover officer (*People v Mendoza*, 82 NY2d 415; *People v Dekle*, 192 AD2d 471, *lv denied* 81 NY2d 1072). A hearing is " 'not available merely for the asking' " (*People v Mendoza, supra*, at 425), and the fact-starved statements of defense counsel upon which the dissent relies are precisely the type of "bare assertion[s] of innocence" and

"conclusory allegation[s]" that are insufficient to warrant a hearing (*People v Marte, supra,* at 316; *People v Coleman, supra; People v Mendoza, supra*).

Defendant's claim that the verdict was inconsistent and repugnant because he was acquitted of the marihuana charge is unpreserved and I would decline to review it in the interest of justice as it "would necessarily involve speculation as to the jury's deliberative process" (*People v Gerard,* 208 AD2d 421, 422). In any event, none of the elements of the marihuana charge is an essential element of criminal possession of a weapon in the third degree (*People v Loughlin,* 76 NY2d 804, 806).

I would, therefore, vote to affirm the judgment of the trial court.