■ The People of the State of New York, Respondent, v Joseph Bennett, Appellant. [659 NYS2d 260] —Appeal from judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered May 30, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent prison terms of 3 to 9 years, held in abeyance, and the matter remitted for a hearing on defendant's motion to suppress evidence.

The defendant was arrested pursuant to a buy and bust operation. His omnibus motion alleged that "[o]n February 17, 1994, at approximately 11:30 A.M., the defendant was forcible *[sic]* stopped and detained while standing on Courtlandt Avenue *[sic]*, a public street. Prior to being stopped, Mr. Bennett did not hand 2 glassines of a white powdery substance to anyone in exchange for a sum of U.S. currency. Police officers pulled up in an unmarked van and with guns drawn, ordered Mr. Bennett to freeze. The police went immediately into his pockets and arrested him. Prior to detaining Mr. Bennett, the arresting officer did not show an arrest warrant or a search

warrant." The People's response papers stated that the defendant was arrested "just five minutes after he sold a quantity of heroin to an undercover police officer".

Given the paucity of information that was available to the defendant at the time of the motion, the fact that his motion papers specifically denied his participation in the transaction that led to his arrest warranted a hearing (CPL 710.60 [4]; *People v Mendoza*, 82 NY2d 415, 428; *People v Hightower*, 85 NY2d 988, 990; *see, People v Bailey*, 218 AD2d 569). The fact that the defendant did not specifically controvert possession of the pre-recorded buy money does not negate the clear issue of fact that he raised. It is not necessary that a moving defendant raise an issue of fact as to every factual allegation put forth by the prosecution in order for a hearing to be ordered. The appeal is therefore held in abeyance and the matter remitted for a *Mapp* hearing. Concur—Rosenberger, J. P., Ellerin, Rubin, Williams and Andrias, JJ.