■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARQUEZ, Appellant. [667 NYS2d 359] —Appeal from judgment, Supreme Court, Bronx County (Frank Torres, J.),

rendered March 17, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 6 to 12 years, held in abeyance and the matter remanded to Supreme Court for a hearing on defendant's motion to suppress evidence.

Defendant was arrested in the course of a buy and bust operation. Defendant submitted a motion for the suppression of physical evidence or, in the alternative, for a *Mapp/Dunaway* hearing, alleging that the police lacked probable cause to arrest him. Defense counsel's affidavit in support of the motion states: "In the case at bar, the People allege that the defendant Jose Marquez sold a glassine of heroin to an undercover officer on November 10, 1993, at 2:00 p.m. inside 914 Hoe Avenue in Bronx County. Based upon conversations with the defendant, I am advised that at no time did the defendant participate in a transaction concerning narcotics. The defendant does not deny standing in the vicinity of the general location that the alleged drug sale took place, but all he was doing was conversing with others."

A suppression hearing is required where " 'the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue' " (*People v Bailey*, 218 AD2d 569, 571, quoting *People v Gruden*, 42 NY2d 214, 215). Only where the defendant fails to allege a proper legal ground for suppression or where the asserted ground is not supported by sworn factual allegations as a matter of law may the court dispense with a hearing (*People v Bailey, supra*, at 570-571). The adequacy of the factual allegations cannot be assessed "without reference to the context of the motion or the extent to which the defendant has been afforded access to such information as would enable him to set forth an optimally detailed factual predicate for suppression" (*People v Vasquez*, 200 AD2d 344, 347, *lv denied* 84 NY2d 873, citing *People v Mendoza,* 82 NY2d 415, 422).

The allegation that "at no time did the defendant participate in a transaction concerning narcotics" constitutes an explicit "denial of purchasing drugs" under the circumstances of this case (*People v Bailey, supra*, at 571; *People v Vasquez, supra*, at 346-347; *cf., People v Henderson*, 217 AD2d 421, *lv denied* 86 NY2d 843). The affirmation submitted by the People in answer to the motion concerns a different and unrelated case, making reference to a different indictment number and alleging the sale of crack cocaine, not heroin. Therefore, given the paucity of information available to defendant at the time of the

motion and the express denial, in the moving papers, of any participation in the transaction leading to his arrest, a hearing is warranted (CPL 710.60 [4]; *People v Mendoza, supra; People v Hightower*, 85 NY2d 988, 990). Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Tom, JJ.