■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GONZALEZ, Appellant. [670 NYS2d 180] —Judgment, Supreme Court, New York County (Charles Solomon, J., on suppression motion; Mary McGowan Davis, J., at jury trial and sentence), rendered February 8, 1996, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's claim that the evidence was insufficient to prove that he was acting in concert with his codefendant, or that the jury's verdict was against the weight of the evidence, is belied by the record. Defendant was standing alone in the building lobby when the undercover officer entered and asked: "Who's working?" Defendant responded: "[W]ait here two minutes" and then ran upstairs, reappearing with his co-defendant shortly thereafter. Immediately after defendant and his co-defendant had exchanged a brief glance, the co-defendant asked the officer: "How many?" Defendant then stood elbow distance from his co-defendant while the exchange of drugs for money was made between the co-defendant and the undercover officer. In fact, his co-defendant handed defendant the bag from which the drugs had been taken while the co-defendant gave the undercover officer $1 change. The officer then left the building and, after he radioed his backup team the location and description of the two sellers, the defendant was arrested in the same lobby, within 15 minutes of the transaction, while still in the company of his co-defendant, from whom the prerecorded buy money and additional drugs were recovered.

Viewing this evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference, defendant's conduct went beyond merely demonstrating "that the defendant was able to identify a local purveyor of narcotics" (*People v Rosario,* 193 AD2d 445, 446, *lv denied* 82 NY2d 708). The jury reasonably concluded that defendant's conduct demonstrated an intent to participate in a drug selling enterprise (see, *People v Torres*, 211 AD2d 406, *lv denied* 85 NY2d 981) and his accessorial liability was not negated by the fact that additional drugs and the prerecorded buy money were not recovered from him (*supra*).

Defendant's current claim that he was denied his right to due process and a fair trial because the court failed to, *sua sponte*, disqualify a juror as "grossly unqualified" under CPL 270.35 (1) on the ground that the juror in question allegedly had been sleeping during portions of the trial, is unpreserved, since defendant did not request any inquiry of the individual in question (*see, People v Glover*, 237 AD2d 104, *lv denied* 89 NY2d 1093). In any event, the record indicates that the observations of the court, described on the record and unobjected to by the defendant, that the juror, who had exhibited signs of sleepiness at the start of the trial, was not, in fact, sleeping during the trial, provided a sound basis for its determination that further inquiry was unnecessary (*supra*).

Defendant moved pretrial to suppress the identification testimony or, in the alternative, for a *Dunaway/Wade* hearing. After reviewing the submissions, Justice Solomon denied defendant's request for a *Wade* hearing, finding it unnecessary since the showup was merely confirmatory. The court did not address defendant's request for a probable cause *Dunaway* hearing.

A defendant's assertion that he did not sell drugs or assist others in possessing or selling drugs without going into detail may be sufficient to warrant a hearing where the People provide only meager information to the defense about defendant's involvement (*People v Hightower*, 85 NY2d 988; *People v Bennett*, 240 AD2d 292). Here, however, the People's felony complaint and voluntary disclosure form fully disclose the nature of the facts supporting their theory that defendant had participated as his co-defendant's accomplice in the sale. Defendant did not deny any of these specific factual allegations, although he was clearly in a position to do so. Defendant's conclusory statement that he had not "sold" drugs and "was not engaged in any criminal conduct" was insufficient since such conclusory denial of involvement was entirely compatible with the existence of facts supporting probable cause for his arrest and raised no factual issue for a hearing court to resolve (*see, People v Mendoza*, 82 NY2d 415, 428-429; *People v Henderson*, 217 AD2d 421, *lv denied* 86 NY2d 843; *People v Moore*, 213 AD2d 352, *lv denied* 86 NY2d 738; *People v Seda*, 198 AD2d 98, *lv denied* 82 NY2d 930). Concur—Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.