■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIEL FACE, Also Known as ARIEL FACEY, Appellant. [669 NYS2d 289] —Appeal from judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered December 23, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, held in abeyance and the matter remitted to Supreme Court for a hearing on defendant's motion to suppress identification testimony as fruit of an allegedly unlawful seizure.

Defendant was arrested after allegedly selling crack cocaine

to an apprehended buyer and then to an undercover officer. In his omnibus motion, defendant sought the suppression of identification evidence on the basis of suggestiveness and the lack of probable cause, thereby raising a *Dunaway* (*Dunaway v New York*, 442 US 200) issue. Elsewhere in the same omnibus motion, defendant denied participating in either sale and claimed that he was in the park in the neighborhood, where he resided and where the sale occurred, to meet his friends to play basketball. Reading the omnibus motion as a whole, we conclude that these assertions were applicable to the *Dunaway* issue. Since defendant asserted that he had not participated in a drug transaction and the People's response added nothing other than to suggest that he was arrested because he sold drugs, he was entitled to a *Dunaway* hearing (*see, People v Hightower*, 85 NY2d 988, 990; *People v Mendoza*, 82 NY2d 415). The hearing court's summary denial of defendant's motion, as well as a subsequent motion for reargument in which defendant incorporated the facts of his initial motion, was improper (*People v Marquez*, 246 AD2d 330). Concur—Ellerin, J. P., Nardelli, Wallach, Rubin and Tom, JJ.