■ The People of the State of New York, Respondent, v Jay Lopez, Appellant. [695 NYS2d 76] —Appeal from judgment,

Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered January 14, 1997, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree under Indictment Nos. 2515/95 and 7276/95, and sentencing him to two concurrent terms of 4 to 8 years, held in abeyance and the matter remanded to the Supreme Court for *Mapp* and *Dunaway* hearings.

As to each indictment, in light of the limited information available to him, defendant alleged sufficient facts to warrant a hearing under the standards set forth in *People v Mendoza* (82 NY2d 415).

In his initial affirmation seeking suppression of the buy money and drugs from the March 22, 1995 buy and bust (Indictment No. 2515/95), defense counsel alleged that defendant "was not acting in any unlawful manner or engaging in any unlawful or criminal conduct and had committed no crime" when he was arrested. The affirmation went on to say that the search was not supported by reasonable suspicion or probable cause because the arresting officers "possessed only a general description of the alleged seller from the undercover officer which could. have fit numerous individuals in said area and, upon information and belief, did not accurately fit the defendant." Finally, counsel alleged that the officers seized contraband and pre-recorded buy money from defendant by means of a warrantless search, but that this search was not incident to a lawful arrest nor based on a reliable informant's tip.

In response, the People outlined their version of the facts: the defendant was arrested a few minutes after the arresting officer had received a radio transmission from the undercover officer informing him that a narcotics buy had occurred and describing the suspect. The People's opposing affidavit further stated that defendant was found shortly thereafter at the same location and that he matched the description. The description itself was not set forth in the affidavit. The People also pointed out that defendant's motion papers had not explicitly denied that he participated in the drug transaction. This omission was corrected in defense counsel's reply affirmation.

While a defendant is required to raise a factual issue in order to obtain a suppression hearing (CPL 710.60 [3] [b]), he need not prove his entire case in the motion papers. The adequacy of the factual allegations must be considered in the context of defendant's case and his accessibility to information at the time of the motion (*People v Hightower*, 85 NY2d 988, 989-990). Here, when the original and reply papers are read

together, defendant explicitly denied selling or possessing drugs, which this Court has frequently deemed sufficient to entitle a defendant to a suppression hearing (*People v Rodriguez*, 185 AD2d 802, *lv denied* 82 NY2d 725 [statement that defendant denied selling drugs on date in question was sufficient, though made for the first time upon reargument]; *People v Marquez*, 246 AD2d 330, 331 [denial that defendant sold drugs, without reference to underlying details, was sufficient given "paucity of information" available to him]; *People v Bennett*, 240 AD2d 292 [same]). Defendant additionally raised a question of fact as to probable cause when he challenged a particular aspect of the arrest, namely the arresting officer's identification of defendant based on the radio transmission (*see, People v Estrada*, 147 AD2d 407; *see also, People v Mendoza, supra*, at 434).

The instant case is therefore distinguishable from the cases cited by the People, where defendant merely made a conclusory denial that he engaged in any illegal conduct (*People v Dekle*, 192 AD2d 471, *lv denied* 81 NY2d 1072; *People v Mendoza, supra*, at 430) or failed to mention even the barest details of the transaction, such as what was allegedly seized from him (*People v Holder*, 149 AD2d 325, 326, *lv denied* 74 NY2d 794).

*People v Gonzalez* (247 AD2d 328, 329) is also distinguishable. In *Gonzalez* (*supra*, at 329), "[d]efendant's conclusory statement that he had not 'sold' drugs and 'was not engaged in any criminal conduct' was insufficient" since he failed to mention and contradict any of the basic facts alleged by the People (i.e., that he acted with another person to sell drugs in a particular manner at a specified time and place). Here, by contrast, defendant briefly noted the People's theory of the case (i.e., that in response to a radio transmission about a drug sale to an undercover, the police arrested defendant, searched him without a warrant and recovered contraband and allegedly pre-recorded buy money). More importantly, unlike Gonzalez, defendant raised a factual issue by raising a specific challenge to the manner in which the arresting officer identified him.

The People respond that under *People v Hightower* (*supra*), a higher level of specificity is demanded from a defendant whom the People have provided with detailed information about the circumstances of the arrest (*compare, People v Marquez, supra, with People v Gonzalez, supra*). According to the People, since defendant had a copy of the buy report describing him in detail as a black male wearing a black leather jacket, black pants, black boots and a striped shirt, his failure to make reference to this description in his motion papers challenging the identifica-

tion is fatal to his claim. This argument is not only irrelevant but misleading. A buy report is filled out by an undercover after the arrest. Statements therein do not show what was or was not in the radio transmission on which the arresting officer relied.

Furthermore, the People previously admitted that defendant was *not* provided with the information they now say he should have included. In their opposing affidavit, in response to that portion of his omnibus motion seeking a *Wade* hearing about the post-arrest confirmatory show-up, the People stated: "He further alleges that the police only had a general description, another conclusion concerning facts he has no knowledge of since he was not privy to the communications—nor does he state he was—concerning the transmissions leading to his arrest." In light of defense counsel's uncontradicted allegations that the People induced defendant to refrain from serving a demand for a bill of particulars by promising they would provide him with all necessary discovery, the People's current attempt to portray defendant as less than diligent in obtaining the necessary facts is disingenuous, to say the least.

The IAS Court also erred in failing to address defendant's motion for a *Dunaway* hearing to suppress identification evidence under Indictment No. 7276/95. The court repeated the People's mistake in their opposition papers by treating it as a motion to suppress physical evidence, and denied it on the grounds that defendant lacked standing to challenge the search and seizure because he asserted no possessory or privacy interest in the drugs or buy money (*People v Gomez*, 67 NY2d 843, 844).

Defendant alleged sufficient facts to warrant granting a *Dunaway* hearing, namely that his identification by the undercover officer was the result of an arrest that lacked probable cause (*People v Acevedo*, 176 AD2d 631, 632, *lv denied* 79 NY2d 1045). In support of his challenge to the lawfulness of the arrest, he specifically denied participating in the alleged drug sale and denied possessing heroin. He maintained that the arresting officers "possessed no description of the seller" and "were not acting on information received from any reliable informant". For the reasons discussed above in connection with Indictment No. 2515/95, this was sufficient (*see, People v Rodriguez*, 185 AD2d 802, *lv denied* 82 NY2d 725, *supra*).

Additionally, since the People failed to address the issues raised by the *Dunaway* motion in the IAS Court, they may not now challenge the sufficiency of defendant's allegations on appeal (*People v Bonilla*, 82 NY2d 825, 827). A hearing should

therefore be granted. Concur—Rosenberger, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.