■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR SEMIDY, Appellant. [721 NYS2d 523] —Judgment, Supreme Court, New York County (Budd Goodman, J., on omnibus motion; Daniel FitzGerald, J., at jury trial and sentence), rendered March 25, 1996, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 4½ to 9 years, and otherwise affirmed.

The court's summary denial of defendant's request for a *Dunaway* hearing was proper since the People disclosed, in considerable detail, defendant's specific words and actions in furtherance of the drug sale, the evidence of defendant's accessorial liability, and defendant's conclusory statement that he was not engaged in the sale of drugs as alleged was not sufficient to raise a factual issue as to probable cause requiring a hearing (*compare*, *People v Gonzalez*, 247 AD2d 328, *with People v Lopez*, 263 AD2d 434).

The court properly exercised its discretion in responding to notes from the deliberating jury concerning whether a particular scenario would support accessorial liability by providing detailed and accurate instructions on accessorial liability in general. These instructions constituted a meaningful response (*see*, *People v Almodovar*, 62 NY2d 126; *People v Malloy*, 55 NY2d 296, 301-302, *cert denied* 459 US 847), and the response requested by defendant would have gone too far in the direction of speculating about the jurors' thinking and interfering with their resolution of factual issues.

Under the present circumstances, we find the sentence imposed to be excessive to the extent indicated. Concur— Rosenberger, J. P., Mazzarelli, Ellerin, Wallach and Buckley, JJ.