■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY HICKSON, Appellant. [806 NYS2d 577]—

Judgment, Supreme Court, New York County (Carol Berkman, J., on motion; Arlene R. Silverman, J., at plea and sentence), rendered September 30, 2003, convicting defendant of attempted burglary in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.

The motion court properly denied defendant's suppression

motion without a hearing since the allegations contained in the motion papers, when considered in light of the criminal court complaint and the voluntary disclosure form, failed to raise a factual dispute requiring a hearing. The People specified that the police arrested defendant on the basis of a videotape that showed defendant in the act of committing a burglary, and made the videotape available for viewing. Defendant's general and conclusory allegations did not address the detailed information that was provided by the People concerning the basis for that arrest, and did not assert any other basis for suppression (*see People v Jones*, 95 NY2d 721 [2001]; *see also People v Lopez*, 5 NY3d 753 [2005]; *compare People v Hightower*, 85 NY2d 988 [1995]).

After sufficient inquiry, the sentencing court properly exercised its discretion in denying defendant's motion to withdraw his plea (*see People v Frederick*, 45 NY2d 520 [1978]), since his assertion of innocence was unsubstantiated and contradicted by the plea allocution. Concur—Saxe, J.P., Marlow, Williams, Catterson and Malone, JJ.