■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ROLDAN, Appellant. [830 NYS2d 116]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered September 15, 2004, convicting defendant, after a

jury trial, of criminal sexual act in the first degree (six counts), rape in the first degree (two counts) and sexual abuse in the first degree (three counts), and sentencing him to an aggregate term of 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Summary denial of defendant's motion for a suppression hearing was proper since defendant's allegations failed to raise a legal basis for suppression (*see People v Burton*, 6 NY3d 584, 587 [2006]; *People v Lopez*, 5 NY3d 753 [2005]; *People v Mendoza*, 82 NY2d 415, 430-431 [1993]). Defendant was fully aware that his arrest was based on the complaint of an identified citizen victim who spoke from personal knowledge (*see People v Hicks*, 38 NY2d 90 [1975]), and his denials of any wrongdoing did not identify any issue to be resolved at a suppression hearing (*see People v Mack*, 281 AD2d 194 [2001], *lv denied* 96 NY2d 903 [2001]). This was not a case where "[b]ased upon . . . meager information, defendant could do little but deny participation in the [crime]" (*People v Hightower*, 85 NY2d 988, 990 [1995]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Saxe, Sweeny, Malone and Kavanagh, JJ.