■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER SCOTT, Appellant. [843 NYS2d 77]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 22, 2005, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree,

and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.

The court properly denied defendant's suppression motion without granting a hearing. It was clear from the materials available to defendant, including the felony complaint and voluntary disclosure form, that he was arrested after being pointed out in a canvass procedure by at least one eyewitness who knew him, and that defendant was seen leaving the location of a burglary while transporting a stove, where one dwelling in the building was found to be missing such an appliance. Defendant's conclusory assertions of innocent behavior did not controvert these allegations, as defendant never specifically denied that he had taken a stove out of the building at the time of the burglary (*see People v Burton*, 6 NY3d 584, 589-590 [2006]; *People v Roldan*, 37 AD3d 300 [2007], *lv denied* 9 NY3d 850 [2007]). Defendant did not set forth any other basis for suppression. His assertion that he did not match the description given did not warrant a hearing, since it was clear from the discovery materials that he was not arrested on the basis of a description. Moreover, defendant did not set forth his own description to enable the court to make a comparison in the event the People furnished any description given by a witness (*see People v Jones*, 95 NY2d 721, 729 [2001]). Similarly, defendant failed to set forth any facts related to the search of his bag that would warrant a hearing, but merely argued, in a conclusory manner, that the police could not reasonably have feared for their safety. Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.