■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE DUNNELL, Appellant. [859 NYS2d 406]—

Appeal from judgment, Supreme Court, New York County (Micki A. Scherer, J., at motion; Richard D. Carruthers, J., at jury trial and sentence), rendered August 1, 2006, convicting defendant of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, held in abeyance and the matter remanded for a suppression hearing.

Relying on this Court's decision in *People v Burton* (16 AD3d 241 [2005]), the motion court summarily denied defendant's suppression motion solely on the ground of lack of standing. However, as the People concede, defendant established standing in light of the principles set forth by the Court of Appeals in its decision reversing this Court's order in *Burton* (6 NY3d 584

[2006]). We also note that the Court of Appeals decided *Burton* after defendant's motion but before his trial, and when defendant called the trial court's attention to the reversal, that court improperly refused to either send the motion back to the motion court for reconsideration or to address the issue itself. We also conclude that defendant's moving papers were sufficient to warrant a hearing when considered in the context of the limited information provided by the People as to the basis for his arrest. Although the felony complaint and voluntary disclosure form revealed that defendant was arrested for stealing money from a complainant in an incident that had occurred about 20 minutes before the arrest, the People did not disclose any facts explaining why the police suspected defendant of this theft (*compare People v Bryant*, 8 NY3d 530, 533-534 [2007], *with People v Roldan*, 37 AD3d 300 [2007], *lv denied* 9 NY3d 850 [2007]). Under these circumstances, defendant's denial of having committed any theft was sufficient to warrant a hearing (*see People v Hightower*, 85 NY2d 988 [1995]). Concur—Tom, J.P., Mazzarelli, Andrias and Williams, JJ.