Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered May 20, 2005, convicting defendant, upon his plea of guilty, of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of nine years, unanimously affirmed.
The motion court properly denied defendant’s suppression motion without a hearing. The allegations in defendant’s moving papers, when considered in the context of the detailed information provided by the People, were insufficient to create a factual dispute requiring a hearing (see e.g. People v Reddick, 56 AD3d 344 [2008]; People v Roldan, 37 AD3d 300 [2007], lv denied 9 NY3d 850 [2007]). The extensive discovery information clearly disclosed, among other things, that one of the victims identified defendant’s photograph prior to defendant’s arrest, thereby providing probable cause for that arrest. There was nothing in defendant’s sparse moving papers that was sufficient to support his present claim that this photo identification may have occurred after defendant was already in custody. Defendant failed to “either controvert the specific information that was provided by the People ... or to provide any other basis for suppression” (People v Arokium, 33 AD3d 458, 459 [2006], Iv denied 8 NY3d 878 [2007]). Moreover, defendant did not even make a general denial of having committed the crime (compare People v Hightower, 85 NY2d 988 [1995]), and his claim he was doing nothing unlawful at the time of his arrest, two days later, did not address the disclosed factual predicate for his arrest.
We perceive no basis for reducing the sentence. Concur— Andrias, J.E, Nardelli, Catterson, Acosta and DeGrasse, JJ.