# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

926

KA 12-00546

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

STARLET BATTLE, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (JOHN E. TYO OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered September 20, 2011. The judgment convicted defendant, upon her plea of guilty, of burglary in the second degree, assault in the second degree, resisting arrest, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of, inter alia, burglary in the second degree (Penal Law § 140.25 [1] [b]), assault in the second degree (§ 120.05 [3]) and resisting arrest (§ 205.30), defendant contends that County Court erred in denying her suppression motion without a hearing. In her motion, defendant sought to suppress, inter alia, evidence obtained by the police after defendant was arrested for stealing items from a Walmart store in the Town of Victor. Defendant had previously been banned from entering all Walmart stores due to a recent conviction of grand larceny in Onondaga County. The court summarily denied the suppression motion, and defendant thereafter pleaded guilty to the entire indictment. In return for the plea, the court promised to impose the minimum sentence and to sentence defendant concurrently to the sentences she was to receive for violating the terms and conditions of probation imposed for felony convictions in Onondaga and Jefferson Counties. We affirm.

We agree with defendant that the court erred in ruling that defendant, in order to be entitled to a suppression hearing, was required to submit an affidavit in support of her motion. As the Court of Appeals has stated, "suppression motions must be in writing, state the legal ground of the motion and 'contain sworn allegations of fact,' made by defendant *or 'another person'* " (*People v Mendoza*, 82

NY2d 415, 421, quoting CPL 710.60 [1] [emphasis added]).  A
suppression motion may be based on factual allegations made upon
information and belief by defense counsel, provided that, as here, the
sources of the attorney's information and the grounds of his or her
belief are identified in the motion papers (see CPL 710.60 [1]).  The
court also erred in suggesting that defendant was required to deny
participation in the crime.  It is well settled that a defendant must
either "deny participating in the transaction or suggest some other
grounds for suppression" in order to warrant a suppression hearing
(see Mendoza, 82 NY2d at 429 [emphasis added]).

     In addition, we reject the People's contention that the court's
summary denial of the motion was proper because defendant failed to
specify in her motion papers the evidence sought to be suppressed.
Although the motion papers were vague in that regard, defense counsel
stated during oral argument of the motion that defendant was seeking
suppression of the physical evidence obtained by the police from her
person and her handbag.  Indeed, before the court ruled on the motion,
the prosecutor acknowledged that defense counsel had sufficiently
clarified defendant's request.  In any event, the court did not deny
defendant's motion due to an alleged lack of specificity, and thus we
could not affirm on that basis (see CPL 470.15 [1]; People v
Concepcion, 17 NY3d 192, 194-195).

     Nevertheless, we agree with the People that the court properly
denied the motion without a hearing on the grounds that the factual
assertions contained in defendant's moving papers were insufficient to
warrant a hearing (see People v Kirk, 27 AD3d 383, 384, lv denied 6
NY3d 895).  Although a defendant "need not prove his entire case in
the motion papers" (People v Lopez, 263 AD2d 434, 435), a hearing is
"not available merely for the asking" (Mendoza, 82 NY2d at 425
[internal quotation marks omitted]).  "[T]he sufficiency of
defendant's factual allegations should be evaluated by (1) the face of
the pleadings, (2) assessed in conjunction with the context of the
motion, and (3) defendant's access to information" (id. at 426).

     Here, the documents provided to defendant, including the
application for the search warrant that was signed by the court, gave
her "enough information upon which to make a proper suppression
motion" (People v Roberts, 23 AD3d 245, 246, lv denied 6 NY3d 817).
Those documents demonstrated that defendant and her codefendants were
observed by an off-duty police officer engaging in conduct that
reasonably led the officer to believe that they were stealing DVDs
from the store.  Indeed, defendant does not dispute that the off-duty
officer had probable cause to arrest her.  Defendant contends,
however, that she is entitled to a hearing to determine whether the
arresting officer had probable cause to make the arrest.  Although it
is true, as defendant asserts, that the off-duty officer did not
provide the arresting officer with a specific description of
defendant, the warrant application establishes that the off-duty
officer provided the arresting officer with a contemporaneous account
of defendant's actions.  Notably, as defendant was leaving the store,
the off-duty officer notified the arresting officer of that fact.
While waiting in the parking lot outside, the arresting officer

approached defendant as she exited the store and attempted to arrest her, whereupon defendant fled and then resisted arrest, causing an injury to the officer in the process.  In her affirmation submitted in support of the motion, defense counsel merely alleged that the arrest was unlawful because the arresting officer "did not have specific information" about defendant when he approached defendant.  That assertion, under the facts of this case, was insufficient to trigger the need for a suppression hearing (*see People v Jones*, 95 NY2d 721, 728-729).

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court