■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVETTE WYNN, Appellant. [985 NYS2d 77]—

Appeal from judgment, Supreme Court, New York County (Carol Berkman, J.), rendered December 16, 2009, convicting defendant, upon her plea of guilty, of robbery in the first degree, and sentencing her to a term of 10 years, held in abeyance and the matter remitted for a suppression hearing.

The court erred in summarily denying the portion of defendant's motion that sought to suppress statements and physical evidence as fruits of an allegedly unlawful arrest. Although the People provided defendant with extensive information about the facts of the crime and the proof to be offered at trial, they provided no information whatsoever, at any stage of the proceedings, about how defendant came to be a suspect, and the basis for her arrest, made hours after the crime at a different loca-

tion. The People never explained, even by implication, whether defendant met a description, was named by a witness familiar with her, or was connected to the crime in some other way. While the People disclosed defendant's detailed confession, it did not shed any light on how she came to be arrested (*compare People v Lopez*, 5 NY3d 753, 754 [2005] [defendant's statement described events leading to arrest and established probable cause]).

Accordingly, given defendant's complete lack of relevant information, that portion of her motion papers alleging a "lack of probable cause to arrest the defendant based on the unreliability of the information provided to the police and/or the insufficiency of the description," while conclusory, was sufficient to state a basis for suppression and raise a factual issue requiring a hearing (*see People v Bryant*, 8 NY3d 530 [2007]; *People v Vasquez*, 200 AD2d 344 [1st Dept 1994], *lv denied* 84 NY2d 873 [1994]). We note that the People's response to defendant's motion was still silent as to the basis for connecting defendant to the crime. Under the circumstances, the People's disclosure of the facts of the crime, without any explanation for defendant's arrest at a different time and place, failed to trigger defendant's "burden to supply the motion court with any relevant facts [s]he did possess" (*People v Jones*, 95 NY2d 721, 729 [2001]). Concur—Saxe, J.P., Moskowitz, Freedman, Gische and Kapnick, JJ.