THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH R. TERRY, Appellant. [40 NYS3d 769]—

Appeal from judgment, Supreme Court, New York County (Carol Berkman, J., at motions; Charles H. Solomon, J., at jury trial and sentencing), rendered July 20, 2010, convicting defendant of robbery in the first degree, two counts of robbery in the second degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 17 years, held in abeyance and the matter remitted for a suppression hearing.

In *People v Wynn* (117 AD3d 487 [1st Dept 2014]), we held

---

that the court erred in summarily denying the motion of defendant's codefendant to suppress statements and physical evidence as the fruits of an unlawful arrest, notwithstanding the conclusory nature of the factual allegations in her suppression motion, where "[a]lthough the People provided defendant with extensive information about the facts of the crime and the proof to be offered at trial, they provided no information whatsoever, at any stage of the proceedings, about how defendant came to be a suspect, and the basis for her arrest, made hours after the crime at a different location" (*id.* at 487-488). Because the factual allegations in the People's pleadings and relevant disclosures were materially the same in this case, we conclude that defendant's motion to suppress, although it asserted nothing more than that probable cause was lacking, was sufficient under the circumstances to entitle him to a hearing. Unlike the situation in *People v Lopez* (5 NY3d 753, 754 [2005]), defendant's statement did not "on its face show[ ] probable cause for defendant's arrest." Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.