■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TATYANA GUDIN, Appellant. [51 NYS3d 397]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered November 12, 2014, convicting defendant, upon her plea of guilty, of criminal possession of a controlled substance in the seventh degree, and sentencing her to a term of six months, unanimously affirmed.

The court properly denied defendant's suppression motion, without granting a hearing. Defendant did not preserve her specific argument that the lack of information from the People concerning the basis for the searches at issue completely exempted her from the requirement of making allegations of fact in her motion (see People v Wright, 54 AD3d 695, 696 [2d Dept 2008], lv denied 12 NY3d 922 [2009]), and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing. A suppression motion must be in writing, state the legal ground of the motion and "contain sworn allegations of fact," made by defendant or "another person" (CPL 710.60 [1]). Here, defendant's motion to suppress the fruits of a search of her purse and a bag contained no factual allegations whatsoever, conclusory or otherwise, but only stated legal conclusions. Notwithstanding the limited information provided by the People, defendant presumably had personal knowledge of those circumstances of the searches that occurred in her presence, and was at least obligated to make factual allegations, to the best of her ability (see People v Vega, 210 AD2d 41 [1st Dept 1994], lv denied 85 NY2d 915 [1995]; compare People v Hightower, 85 NY2d 988, 990 [1995] [minimal factual allegations, as opposed to legal conclusions, warranted hearing in light of minimal information supplied to defendant]).

To the extent the record permits review, we find defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Regardless of whether counsel should have filed a more appropriate suppression motion or replied to the People's opposition, defendant has not shown that she was prejudiced. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.