People v Scott (2019 NY Slip Op 03905)





People v Scott


2019 NY Slip Op 03905


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9345 3518/13

[*1]The People of the State of New York, Respondent,
v
Andrew Scott, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily Anne Aldridge counsel), for respondent.



Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered April 9, 2015, convicting defendant, after a jury trial, of four counts of murder in the second degree and two counts of robbery in the first degree, and sentencing him to an aggregate term of 50 years to life, unanimously affirmed.
There was no violation of defendant's right to be present at a hearing on the admissibility of uncharged crimes evidence (see People v Spotford, 85 NY2d 593, 596-597 [1995]). After a hearing in defendant's presence, where he had an opportunity for meaningful input, there was an exchange of emails among counsel and the court that essentially constituted posthearing written submissions, and did not require defendant's personal involvement (see People v Liggins, 19 AD3d 324 [2005], lv denied 5 NY3d 853 [2005]). The proposed evidence set forth in the emails did not differ in any material way from what the People had proffered at the initial proceeding, so as to require defendant's presence. Any differences either involved minor details, or evidence that was never actually introduced at trial.
Defendant's challenge to the prosecutor's summation comment regarding purported concessions by defense counsel is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the comment was improper (see People v Levy, 202 AD2d 242, 245 [1st Dept 1994]), but harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]). We have considered and rejected defendant's ineffective assistance of counsel claims relating to the lack of preservation (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
The court's summary denial of the branch of defendant's suppression motion seeking to suppress his statements as the fruit of an allegedly unlawful arrest (see Dunaway v New York, 442 US 200 [1979]) was not error. Defendant made only a conclusory claim that there was no probable cause for his arrest, and failed to set forth any allegations to raise a factual dispute on that subject (see CPL 710.60[1]; People v Mendoza, 82 NY2d 415, 425-429 [1993]). Contrary to his contention, this is not a case where a "complete lack of information" (People v Wynn, 117 AD3d 487, 488 [1st Dept 2014]) prohibited him from setting forth specific allegations. At the time of his motion, defendant was aware of some of the bases of his arrest, and defendant had the "burden to supply the motion court with any relevant facts he did possess" (People v Jones, 95 NY2d 721, 729 [2001]). Before trial, the court providently exercised its discretion in denying defendant's request for new counsel after conducting a sufficient inquiry. Defendant did not demonstrate good cause for a substitution (see generally People v Linares, 2 NY3d 507, 510 [2004]), and, in any event, defendant effectively withdrew his request and voluntarily agreed to continue with the same counsel.
The court providently exercised its discretion when it declined to consider defendant's pro se CPL 330.30 motion to set aside the verdict. Defendant was represented by counsel, and [*2]had no right to hybrid representation (People v Rodriguez, 95 NY2d 497, 501-503 [2000]). The court did not reject the motion based on a blanket policy of not considering pro se motions, but on the ground that defense counsel declined to adopt this motion. Defendant argues that because the motion alleged, in pertinent part, ineffective assistance of counsel, it would normally be made pro se, it was natural for counsel to decline to adopt it, and there was a conflict of interest requiring assignment of new counsel. However, in this case, the pertinent claims referred to the pretrial request for new counsel, which, as noted, was meritless and withdrawn, and certain other claims of ineffectiveness that were not cognizable in a record-based CPL 330.30(1) motion and are not pursued on appeal. Accordingly, under these circumstances, we find no denial of defendant's right to conflict-free representation.
The loss of certain videotapes received in evidence at trial did not deprive defendant of effective appellate review. Nothing in the videos would shed light on the appellate arguments he is now raising. In any event, the contents of the videos could be gleaned from the record (see People v Yavru-Sakuk, 98 NY2d 56, 59-60 [2002]), and the videos themselves are not necessary to our above-stated holding that the summation comment at issue was harmless error.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK