People v Jones (2022 NY Slip Op 02369)

People v Jones

2022 NY Slip Op 02369

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Renwick, J.P., Friedman, Moulton, Mendez, Pitt, JJ. 

Ind. No. 2272/18, 3359/18 Appeal No. 15687-15687A Case No. 2019-4367 

[*1]The People of the State of New York, Respondent,
v
Shawn Jones, Defendant-Appellant. 

Caprice R. Jenerson, Office of The Appellate Defender, New York (Kami Lizarraga of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.

Appeal from judgment, Supreme Court, New York County (Felicia A. Mennin, J. at suppression motion and plea; Diane R. Kiesel, J. at sentencing), rendered April 30, 2019, convicting defendant of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony drug offender, to an aggregate term of six years, held in abeyance and the matter remanded for a hearing on defendant's motion to suppress physical evidence. Judgment, same court, Justices and date, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a concurrent term of two years, unanimously affirmed.
The allegations in defendant's moving papers were sufficient to warrant a hearing on whether any evidence should be suppressed as resulting from the execution of an arrest warrant in a manner that allegedly violated CPL 120.80. Defendant's factual allegations were sufficiently specific, and the People responded with conclusory denials (see generally People v Hightower , 85 NY2d 988 [1995]).
We find that defendant did not make a valid waiver of his right to appeal, and the People do not contend otherwise. We also find that defendant's suppression claim is reviewable (see CPL 470.05[2]; 710.70[2]) and was not abandoned.
Defendant does not raise any issues regarding his criminal sale of a controlled substance conviction.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022