■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW QUINLAN, Appellant.—Kane, J. Appeal from a judgment of the Supreme Court at Trial Term (Smyk, J.), rendered February 1, 1985 in Tioga County, upon a verdict convicting defendant of the crimes of conspiracy in the fifth degree, promoting gambling in the first degree and possession of gambling records in the first degree.

Defendant is the owner and operator of a recreational park in the Town of Waverly, Tioga County, known as Quinlan Park, consisting of three softball fields and a bar and restaurant. He is also, by his own admission, a gambler, but steadfastly maintains that he is not now and never has been a bookmaker. However, a close friend and bookmaker, Richard Ellers, was employed by him at Quinlan Park. From time to time, Ellers transacted business at the park with the assistance of defendant, although defendant contends that he never received any commission or other financial benefit for his assistance or for referring "customers" to Ellers.

In October 1983, an investigation into possible illegal gambling activity in Tioga County was instituted by the assignment of Senior Investigator Ronald G. Martin of the State Police to act as an undercover operative under the alias of "Kid Ronnie". Undercover activities proved fruitful, as evidence was obtained establishing defendant's gambling and bookmaking activities in concert with those conducted by Ellers. This evidence consisted of, among other things, written records and taped recordings of incriminating statements and activities. The investigation culminated with defendant's arrest on June 12, 1984, his subsequent indictment, trial and this appeal from his conviction of conspiracy and gambling-related crimes.

Among the numerous issues raised on this appeal is the contention that defendant was denied effective assistance of counsel. The specifics of this contention concern, for the most part, strategic decisions of counsel on issues which do not rise to the level of a constitutional violation (see, People v Baldi, 54 NY2d 137). The claim that counsel should have raised a jurisdictional objection, since some of the activity occurred in Pennsylvania, is totally without merit in view of the applicable statutory provisions concerning venue of prosecutions of interstate criminal activities using telephonic communications (see, CPL 20.20 [1]; 20.60 [1]; People v Winley, 105 Misc 2d 474).

Nor do we find any error in the prosecution's use of Grand Jury testimony to impeach its own witness where, as here, that witness directly contradicted himself at trial on an issue that affirmatively damaged the prosecution's case. Such a procedure is permitted to impeach the credibility of the witness and the jury was given the appropriate limiting instructions by the trial court in its charge (see, CPL 60.35). The prosecutor's comment on this testimony was within the bounds of propriety in response to a comment by defendant's counsel. Nevertheless, any error which may have occurred was harmless in view of all the other evidence in this case, including the testimony of defendant as a witness on his own behalf (see, People v Schramm, 92 AD2d 905).

Defendant also asserts that the hearsay statements of Ellers were improperly admitted into evidence. However, the use of these statements was proper, since the prosecution had previously established a prima facie case of conspiracy against defendant with his coconspirator Ellers through the testimony of Martin, describing the relationship between Ellers and defendant. Thus, the statements of Ellers as a coconspirator made during the course of and in furtherance of the conspir-

acy were admissible as an exception to the hearsay rule *(see, People v Burton,* 104 AD2d 655, 656).

We also reject defendant's argument that the trial court erred in admitting a certain tape that he contends was inaudible. The jury was furnished with a stenographic transcript of this tape, which transcript, standing alone, is evidence of the tape's audibility *(see, People v Lubow,* 29 NY2d 58, 68). Moreover, other taped conversations provided all the essential elements needed to establish defendant's participation in criminal activity and the questioned tape would, in large part, be merely cumulative and not a basis for reversal in this case *(cf. People v Beasley,* 98 AD2d 946, *affd* 62 NY2d 767). Finally, we find that the charge to the jury was clear and complete and free from error. The jury accepted the prosecution's evidence and rejected that produced by defendant, whose guilt was proven beyond a reasonable doubt.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.