■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HILTS, Appellant. [633 NYS2d 855] —Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Lomanto, J.), rendered September 9, 1993, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On July 24, 1991, an undercover police officer and his confidential informant purchased seven grams of cocaine from defendant and Vincent Estepa in the City of Schenectady, Schenectady County, as a consequence of which both defendant and Estepa were indicted and charged with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Prior to defendant's trial, Estepa pleaded guilty to two counts of criminal sale of a controlled substance in the third degree in full satisfaction of the indictment containing said charges and the indictment charging him with the July 24, 1991 sale. At the time of his plea, Estepa apparently conceded under oath his and defendant's involvement in the July 24, 1991 sale.

At defendant's trial Estepa, testifying on behalf of the People, denied being in Schenectady in July 1991 and claimed that he did not become acquainted with defendant until August of that year. The prosecutor then undertook to impeach Estepa with a prior written statement he had given to law enforcement officials. Defendant's sole contention on appeal is that County Court erred in permitting the People to impeach Estepa. We disagree.

CPL 60.35 (1) provides that when the People call a witness on their direct case who gives testimony upon a material issue which tends to affirmatively disprove the People's position, the People may introduce evidence that the witness has previously made a written statement or oral statement under oath contradictory to such testimony. Estepa's testimony that he was not in Schenectady in July 1991 and did not make defendant's acquaintance until August of that year tended to affirmatively disprove that Estepa and defendant sold cocaine to the undercover officer on July 24, 1991 in Schenectady.

There is merit to defendant's claim that the manner in which the People impeached Estepa violated County Court's *Ventimiglia* ruling. Instead of questioning Estepa concerning the July 24, 1991 sale, the prosecutor asked him if he had previously stated that in June or early July 1991 he began selling drugs for defendant. However, given the overwhelming proof of guilt and County Court's admonition that the jury was to disregard the testimony and that it should play no part in their deliberations, any error in respect to the impeachment evidence was rendered harmless (*see, People v Rios*, 166 AD2d 616, 617, *lv denied* 77 NY2d 842).

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.