■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE B. LAUREY, Appellant. [807 NYS2d 437]—

Kane, J. Appeals (1) from a judgment of the County Court of Chemung County (Hayden, J.), rendered August 16, 2002, upon a verdict convicting defendant of the crime of robbery in the second degree, and (2) by permission, from an order of said court, entered July 11, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant appeals from his conviction for robbery in the second degree, based on his gunpoint holdup of a convenience store, and from the denial of his CPL 440.10 motion to vacate that conviction. Upon his conviction defendant was sentenced, as a predicate violent felony offender, to 16 years in prison. Initially, the People did not commit a *Brady* violation. The People did not inform defendant that his sister, who testified for the prosecution that defendant confessed to her, also provided information to the police that other individuals confessed crimes to her. Contrary to defendant's characterization that his sister intentionally lied or falsely implicated another person, the evidence showed only that the police could not corroborate the information she supplied regarding another individual. Since this information was not exculpatory, there was no obligation to turn it over to defendant (*see People v Faeth*, 298 AD2d 987, 988 [2002], *lv denied* 99 NY2d 558 [2002]; *People v Murray*, 140 AD2d 949, 950 [1988], *lv denied* 72 NY2d 960 [1988]).

Defendant contends that County Court improperly permitted the People to impeach one of their witnesses with her grand jury testimony. The People called as their witness Penny Laurey, an unindicted coconspirator who was defendant's girlfriend at the time of the robbery and his wife at the time of trial. She answered background questions and then asserted her Fifth Amendment right against self-incrimination. The court granted the People's request to confer transactional immunity upon Laurey and required her to testify. Upon further questioning, Laurey testified in direct contradiction to her sworn written statement and grand jury testimony, contending that her prior statements were lies. Her trial testimony, that defendant did not participate in the robbery and she did not act as the getaway driver, disproved the People's position on material elements of

the case, permitting them to impeach her with her prior sworn statements (*see* CPL 60.35 [1]). The court's final charge correctly admonished the jury that it could only consider the grand jury testimony for impeachment purposes, not as evidence-in-chief (*see* CPL 60.35 [2]; *People v Quinlan*, 117 AD2d 841, 842 [1986], *lv denied* 67 NY2d 888 [1986]). Under the circumstances, the People were appropriately permitted to impeach their witness's credibility with her grand jury testimony.

County Court properly prohibited defendant from introducing evidence of prior inconsistent statements of prosecution witnesses. Defendant failed to lay a proper foundation for that testimony by first confronting the prosecution witnesses about the purported inconsistencies between their trial testimony and the prior statements, and then giving them an opportunity to explain any such inconsistencies (*see People v Duncan*, 46 NY2d 74, 80-81 [1978], *cert denied* 442 US 910 [1979]; *People v Delacruz*, 276 AD2d 387, 387 [2000], *lv denied* 96 NY2d 758 [2001]). Without a proper foundation, those hearsay statements were inadmissible.

Finally, defendant challenges the weight and sufficiency of the evidence. A videotape and testimony conclusively established that the robbery occurred; the only question was whether defendant was the perpetrator. Defendant's sister testified that defendant confessed his involvement in the crime, and she identified defendant as the masked robber from photographic stills taken from the store's surveillance video. Another witness testified that she overheard defendant bragging to his friend about his participation in this robbery a few days after it occurred. This evidence was legally sufficient to establish a prima facie case. Giving considerable deference to the jury's opportunity to observe the witnesses and their demeanor, including its ability to selectively credit portions of testimony that it deems worthy of belief while rejecting the remainder, we cannot say that the verdict was against the weight of the evidence (*see People v Battease*, 3 AD3d 601, 602 [2004]; *People v Bradley*, 272 AD2d 635, 636 [2000]; *People v Knapp*, 272 AD2d 637, 638-639 [2000]).

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.