[869 NE2d 7, 838 NYS2d 7]

The People of the State of New York, Respondent, v Arthur Bryant, Appellant.

Argued March 20, 2007; decided May 3, 2007

## POINTS OF COUNSEL

*Legal Aid Society, Criminal Appeals Bureau,* New York City (*Kristina Schwarz* and *Steven Banks* of counsel), for appellant. The court erred in summarily denying appellant's *Mapp/ Dunaway* motion where appellant denied acting as a principal or accomplice in the stabbing and generally challenged the reliability and basis of knowledge of the apparent source of the prosecution's information, an unnamed informant. (*Dunaway v New York,* 442 US 200; *Mapp v Ohio,* 367 US 643; *People v Mendoza,* 82 NY2d 415; *People v Hightower,* 85 NY2d 988; *People v Jones,* 95 NY2d 721; *People v Lopez,* 5 NY3d 753; *People v Burton,* 6 NY3d 584; *Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108; *People v Bigelow,* 66 NY2d 417.)

*Robert M. Morgenthau, District Attorney,* New York City (*Victoria E. Phillips* and *Eleanor J. Ostrow* of counsel), for respondent. The trial court's summary denial of defendant's motion to suppress physical, testimonial and identification evidence as the fruits of an unlawful arrest was proper, because defendant failed to assert any facts supporting that claim. (*United States v Wade,* 388 US 218; *People v Huntley,* 15 NY2d 72; *People v Mendoza,* 82 NY2d 415; *People v Gruden,* 42 NY2d 214; *People v Chipp,* 75 NY2d 327, 498 US 833; *People v Holder,* 149 AD2d 325, 74 NY2d 794; *People v Adams,* 53 NY2d 241; *People v Castillo,* 80 NY2d 578, 507 US 1033; *People v Arnau,* 58 NY2d 27, 468 US 1217; *People v McGrath,* 46 NY2d 12, 440 US 972.)

### OPINION OF THE COURT

JONES, J.

The issue on appeal is whether Supreme Court properly denied defendant's motion for a *Mapp/Dunaway* hearing on the ground that defendant failed to present sufficient information to obtain a hearing where defendant denied acting as the principal or accomplice, raised a question of fact regarding the timing of his arrest and challenged the reliability of the alleged witness. Based on defendant's factual allegations, it was error to deny the hearing. We therefore reverse the order of the Appellate Division and remit the matter to Supreme Court for further proceedings.

On May 30, 2003 at 12:10 P.M., in the vicinity of 132nd Street and 7th Avenue in Manhattan, Johnny Speller (decedent) was stabbed to death. Defendant was arrested for the crime later that day and subsequently indicted for second-degree murder (*see* Penal Law § 125.25 [1]). After indictment, the People served defendant with a Voluntary Disclosure Form (VDF), which stated, in part, that a "[w]itness picked out [defendant's] photo" on May 30, 2003 at 12:45 P.M.

Defendant moved to suppress all evidence proffered against him. In his supporting affirmation, defendant claimed that he was seized and arrested without a warrant sometime after 12:30 P.M. and transported to the 32nd precinct where he was interrogated for approximately six hours and property was removed from his person. Defendant denied that he acted as either principal or accomplice in the stabbing and stated that he had no knowledge of what, if any, information the police relied upon to seize, interrogate and place him in lineups. Based upon the information available to him, defendant averred that the only information known to the police at the time of his arrest was that (1) a stabbing had occurred on May 30, 2003 in the area of 132nd Street and 7th Avenue and (2) his photograph had been picked out by an unknown witness whose source of information—whether the alleged witness actually observed the crime, or only relied on hearsay—was uncertain. It is undisputed that defendant sought the informant's name and that the People refused to provide the information.

Further, defendant alleged that it was unclear whether he was identified as (1) having engaged in any criminal activity, (2) a person who frequented the area, (3) a person associated with the victim or (4) a person seen in the area at the time of the incident. Defendant argued that "[n]one of the People's written or oral communications have set forth facts constituting probable cause justifying his seizure" and that he was "therefore unable to proffer factual allegations as to the lack of probable cause."

In opposition, the People argued that defendant did not establish a factual dispute that required a hearing. They argued that defendant failed to "dispute the facts set forth in the complaint," VDF and/or the indictment and that, in fact, those sources specified that at least one witness identified defendant "and that he also made admissions to having committed the crime."

Supreme Court denied the *Mapp/Dunaway*[1] hearing, stating, in part:

> "I'm denying a Mapp/Dunaway.
>
> "The V.D.F. makes clear that the defendant was identified in a photo array prior to the arrest and that subject will be the issue of a Wade Hearing, in any event.
>
> "And the other matters which are referred to as unknown in the defense motion could have been discovered through a proper demand.
>
> "So I'm granting a Huntley and a Wade Hearing."

Thereafter, defendant pleaded guilty. The Appellate Division unanimously affirmed, holding that, given the information available to defendant, his conclusory assertions were insufficient to create a factual issue requiring a hearing (30 AD3d 1131 [2006]). A Judge of this Court granted defendant leave to appeal and we now reverse.

Pursuant to CPL 710.60 (1), a suppression motion must contain sworn allegations of fact stating the ground or grounds for the motion. "Hearings are not automatic or generally available for the asking by boilerplate allegations" (*People v Mendoza*, 82 NY2d 415, 422 [1993]). The sufficiency of the factual allegations should be (1) evaluated by the face of the pleadings, (2) assessed in conjunction with the context of the motion and (3) evaluated by defendant's access to information (*id.* at 426). Applying the *Mendoza* factors, we conclude that defendant's motion for a *Mapp/Dunaway* hearing should have been granted.

In determining the sufficiency of a defendant's factual allegations, a court must read defendant's suppression motion in the context of the case. Further, "[w]hether a defendant has raised factual issues requiring a hearing can only be determined with reference to the People's contentions" (*Mendoza*, 82 NY2d at 427). Here, defendant alleged that he was arrested at sometime after 12:30 P.M. in a building where he resides and away from where the crime took place. The People disputed this allegation and stated in their disclosure forms that defendant was not arrested until 7:30 P.M., after he had been identified by their witness and had made statements to the police. The time of arrest is, thus, in dispute because if defendant was arrested before his

---

**1.** *See generally, Dunaway v New York*, 442 US 200 (1979); *Mapp v Ohio*, 367 US 643 (1961).

arrival at the police station, the only basis for probable cause was the witness identification.

Moreover, a court must consider "the degree to which the pleadings may reasonably be expected to be precise in view of the information available to defendant" (*id.* at 429). In *People v Hightower* (85 NY2d 988 [1995]), defendant was charged with the sale of drugs. In his motion papers, defendant denied he sold drugs or assisted others in selling or possessing drugs. We held that those "allegations were sufficient when considered in the context of the case and in light of the minimal information available to the defendant at the time of the motion limited, as he was, by the bare allegations in the complaint" (*id.* at 990). We observed that, based upon the meager information available to him, "defendant could do little but deny participation in the sale" (*id.*).

Here, defendant also lacked critical information only the People could provide—i.e., the factual predicate for his arrest. Because defendant lacked this information, he was not in a position to allege facts disputing the basis for his arrest.

The People could not both refuse to disclose the informant's identity, or at least some facts showing a basis for the informant's knowledge the police relied upon to establish probable cause for the arrest, and insist that defendant's averments in his pleadings were insufficient to obtain a *Mapp/Dunaway* hearing.[2] Without more information, defendant could do little more than dispute the circumstances surrounding his arrest. Like the defendant in *Hightower*, defendant's lack of access to information precluded more specific factual allegations and created factual disputes, the resolution of which required a hearing.

Based on the foregoing, we hold that Supreme Court erred in summarily denying the *Mapp/Dunaway* hearing.

Accordingly, the Appellate Division order should be reversed, the plea vacated, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order reversed, etc.

---

**2.** To establish probable cause for defendant's arrest, the People must establish the reliability of the witness and that person's basis of knowledge (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]). As the People did not provide *any* information regarding the witness, they did not meet the requirements of the *Aguilar/Spinelli* test.