(November 15, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Also Known as BLACK, Appellant. [845 NYS2d 193]—

Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Richards, J.), rendered January 30, 2006, upon a verdict convicting defendant of the crimes of criminal

possession of a weapon in the second degree, criminal possession of a weapon in the third degree, endangering the welfare of a child, obstructing governmental administration in the second degree and resisting arrest, and the traffic infractions of leaving the scene of an incident without reporting, reckless driving, failure to comply, failure to keep right and speeding (four counts).

On the evening of March 21, 2005, several police detectives were surveilling a particular residence in the City of Schenectady, Schenectady County preparing to execute a search warrant on it. The search warrant was based on very recent information that drugs could be found inside the upstairs apartment, that two men and one woman were also present inside and that both men were armed. One of the men was a known drug dealer and was also known to drive a particular vehicle.

Before the warrant could be executed, two men, a woman and her infant exited the apartment, got into the subject vehicle and drove away. At this time, one of the surveilling detectives directed another police officer in a marked unit to pull over the vehicle. When this officer attempted to do so, defendant, who was driving, initially slowed down and pulled over but then sped away and led police on a high speed chase. The chase came to end a short time later at which time defendant attempted to flee on foot, but he was soon apprehended. Thereafter, a loaded .45 caliber semiautomatic pistol with its hammer cocked was retrieved on the edge of the roadway over which the chase had taken place.*

These undisputed events resulted in a multicount indictment being handed up against defendant charging him with criminal possession of a weapon in the second and third degrees, obstructing governmental administration in the second degree, endangering the welfare of a child, resisting arrest and numerous traffic infractions. A jury trial ensued during which defendant took the stand and admitted that he engaged in the high speed chase and ran from police. He claimed that he did so because he did not possess a valid driver's license and because

---

* According to one of the detectives involved in the case, the female occupant of the vehicle gave a sworn statement to police following the incident that defendant threw a "shiny" object out of the window during the chase which she believed to be a gun he had carried in the past. According to this detective, she then directed them to the vicinity of where this occurred and the gun was quickly discovered. During her trial testimony, however, the female occupant denied seeing defendant throw anything out of the window, denied telling police that he threw anything out of the window and denied directing them to the area where the gun was found. Her prior written statement was then admitted into evidence as a prior inconsistent statement, with appropriate curative instructions, and she was impeached with it.

his presence in the area constituted a violation of his parole. He denied that he possessed a gun that night or threw one out of the window. Defendant was found guilty on all 13 counts submitted to the jury. Sentenced as a second felony offender to various prison and jail terms, he now appeals. We affirm.

First, we find no error in the decision of County Court (Drago, J.) to deny defendant's requests for a *Dunaway* hearing. It is well established that, when ruling on a suppression motion, "[h]earings are not automatic or generally available for the asking by boilerplate allegations. Rather, . . . factual sufficiency should be determined with reference to the face of the pleadings, the context of the motion and [the] defendant's access to information" (*People v Mendoza*, 82 NY2d 415, 422 [1993]; *see People v Bryant*, 8 NY3d 530, 533 [2007]; *People v Lopez*, 5 NY3d 753, 754 [2005]; *People v McNair*, 28 AD3d 800, 800 [2006]). Here, defendant's initial motion was denied on the ground that his papers contained only conclusory allegations. While he thereafter sought an order directing the People to turn over the search warrant application and reserved the right to renew his request for a *Dunaway* hearing, the People opposed and sought a protective order on the ground that disclosure would compromise an ongoing police investigation and place witnesses in danger. The People did, however, submit the material to County Court for an in camera review.

Upon conducting such review, County Court ruled, among other things, that a protective order was appropriate, that the search warrant was based upon probable cause and that nothing contained within defendant's motion papers or the search warrant application caused it to find that a *Dunaway* hearing should be held. Upon our review of this same material, we are unable to conclude that the court's summary denial of the motion constituted an improvident exercise of discretion (*see People v Gadsden*, 273 AD2d 701, 701-702 [2000], *lv denied* 95 NY2d 934 [2000]; *cf. People v Bryant*, 8 NY3d at 533-534).

Significantly, defendant has never challenged the claimed need for confidentiality (*see People v Castillo*, 80 NY2d 578, 580 [1992], *cert denied* 507 US 1033 [1993]). Thus, even though he did not have access to pertinent information in the context of his request for a *Dunaway* hearing, no issue has been raised that his interests were not sufficiently protected by County Court's in camera review of this information (*see generally People v Rosario*, 223 AD2d 492, 493 [1996], *lv denied* 88 NY2d 884 [1996]). Next, defendant has never attempted to make a showing of standing to challenge the legality of the search warrant for the residence he was observed leaving (*compare People*

*v Rodriguez*, 69 NY2d 159, 165 [1987]) thus, probable cause for that warrant was never really at issue (*compare People v Castillo*, 80 NY2d at 581). Nor did defendant deny in his motion papers that he was indeed inside this residence as the police surrounded it preparing to execute the warrant or that he got into the subject vehicle and drove away. Thus, given the undisputed information which resulted in a finding of probable cause and the issuance of the warrant, coupled with undisputed proof that defendant was seen leaving the residence and getting into the vehicle at a point in time when execution of that warrant was imminent, there was no validity to his conclusory allegation that the police, under the fellow officer's rule (*see People v Lypka*, 36 NY2d 210, 213 [1975]), lacked reasonable suspicion to pull over that vehicle (*see e.g. People v Spencer*, 84 NY2d 749, 752-753 [1995], *cert denied* 516 US 905 [1995]; *People v Sobotker*, 43 NY2d 559, 563 [1978]; *People v Schwing*, 14 AD3d 867, 868 [2005]) such that a *Dunaway* hearing was warranted (*see People v Gadsden*, 273 AD2d at 701-702; *People v Carmona-Caviedes*, 200 AD2d 627, 628 [1994]).

Next, County Court (Richards, J.) did not err in permitting the People to impeach the female occupant of the vehicle, their own witness, with her prior inconsistent statement to police (*see* CPL 60.35 [1]). At trial, this witness testified that she never observed defendant remove a shiny object from his pants and throw it out of the window during the chase and further denied that she directed the police to the area where the loaded gun was ultimately found. She also denied ever seeing defendant carrying a gun in the past. This testimony, which was directly contradicted by her prior written statement to police (*see* n 1, *supra*), most assuredly concerned a material issue in the case, namely, whether defendant possessed a weapon, and also tended to disprove and affirmatively damage the People's case on this issue (*see People v Fitzpatrick*, 40 NY2d 44, 51 [1976]; *People v Bellamy*, 26 AD3d 638, 640 [2006]; *People v Laurey*, 24 AD3d 1107, 1108-1109 [2005], *lv denied* 6 NY3d 815 [2006]; *People v Bass*, 255 AD2d 689, 691-692 [1998], *lv denied* 93 NY2d 966 [1999]; *People v Hilts*, 221 AD2d 812 [1995], *lv denied* 87 NY2d 922 [1996]; *cf. People v Saez*, 69 NY2d 802, 804 [1987]). Since all statutory criteria were met (*see* CPL 60.35 [1]), and since appropriate limiting instructions were provided to the jury (*see* CPL 60.35 [2]; *People v Laurey*, 24 AD3d at 1109; *People v Bass*, 255 AD2d at 692), the People were properly allowed to impeach their own witness with her prior inconsistent statement.

Defendant's arguments that the evidence at trial was legally insufficient to support his convictions on obstructing govern-

mental administration in the second degree and failure to comply have not been preserved by appropriate motions before County Court (*see e.g. People v Gray*, 86 NY2d 10, 19 [1995]). Likewise, his various challenges to the jury instructions have not been preserved for review (*see e.g. People v O'Hara*, 96 NY2d 378, 383-384 [2001]; *People v Cadorette*, 56 NY2d 1007, 1009 [1982]). His remaining contentions, to the extent preserved, have been considered and rejected, including the claim that the verdict on certain counts was against the weight of the evidence, that County Court erred in admitting evidence of his prior bad acts and that he received ineffective assistance of counsel.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.