■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MABEUS, Appellant. [850 NYS2d 664]—

Malone, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered August 9, 2004, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Between December 2002 and July 2003, four armed robberies occurred at two McDonald's restaurants located in Saratoga County, one in the Town of Ballston and the second in the Town of Malta. State Police undertook an investigation into these robberies which disclosed certain information implicating defendant as the perpetrator. As a result, an application was made for a sealed order authorizing the surreptitious placement of a global positioning system (hereinafter GPS) tracking device on defendant's vehicle and that of his live-in girlfriend. The application was granted on July 25, 2003 and a GPS tracking device was thereafter affixed to defendant's 2003 Ford pickup truck without his knowledge. On August 9, 2003 at approximately 11:20 P.M., an armed robbery occurred at a McDonald's restaurant located in the Town of Glenville, Schenectady County. The GPS tracking device revealed that defendant's pickup truck was in the vicinity of the restaurant at the time of the robbery and also earlier that day, and that it proceeded to defendant's place of employment immediately af-

ter the robbery before returning to defendant's residence. When defendant returned to his residence at approximately 11:55 P.M. driving the vehicle, he was stopped at gunpoint by police and taken into physical custody. At that time, an axe, a black ski mask and four wrapped packets of currency were seized from his vehicle. Defendant was immediately taken to the State Police barracks where he was interviewed by police officers and was identified in a showup by McDonald's employees. Police then secured two search warrants authorizing the search of defendant's pickup truck, his place of employment and his residence, which resulted in the discovery of additional incriminating items.

Defendant was charged in an eight-count indictment with various crimes in connection with the Schenectady County robbery. He filed an omnibus motion seeking, among other things, the suppression of certain evidence seized as a result of the sealed order and search warrants as well as any statements made to the police or, in the alternative, a *Mapp/Dunaway* hearing. County Court denied defendant's request for a *Mapp/Dunaway* hearing, but agreed to conduct a *Huntley* hearing and to hear oral argument on the propriety of the search warrants. At the conclusion of the *Huntley* hearing, the court denied defendant's suppression motion upon finding that the sealed order and search warrants were validly obtained and that there was probable cause for defendant's arrest. Defendant subsequently pleaded guilty to robbery in the first degree, without waiving his right to appeal, and was sentenced to 20 years in prison and five years of postrelease supervision. He now appeals.

A major aspect of defendant's appeal is his challenge to the validity of the sealed order and search warrants and the legality of the evidence obtained as a result, which he contends should, at the very least, have been the subject of a *Mapp/Dunaway* hearing. While a hearing to suppress evidence is not automatic under CPL 710.60 (1), it is warranted if the motion papers contain sufficient factual allegations (*see People v Bryant*, 8 NY3d 530, 533 [2007]; *People v Davis*, 45 AD3d 1039, 1041 [2007]). The sufficiency of the movant's factual allegations is determined by reference to the face of the pleadings, the context of the motion and the defendant's access to information (*see People v Mendoza*, 82 NY2d 415, 422 [1993]). Regardless of whether a hearing is conducted, it is incumbent upon County Court, in deciding such a motion, to set forth its findings of fact, conclusions of law and the reasons for its determination (*see* CPL 710.60 [6]; *People v Mendoza*, 82 NY2d at 421).

In the case at hand, defense counsel submitted an affirmation in support of the motion stating that defendant was lawfully operating his vehicle on the night in question when he was apprehended by police officers at gunpoint in his driveway and that the only basis for the police officers' actions was the information obtained through the GPS tracking device that was installed under a purportedly illegal sealed order. His affirmation outlines many alleged deficiencies in the applications for the sealed order and search warrants, including the questionable reliability of the confidential informant, misinformation concerning defendant's ownership of a motorcycle at the time of one of the Saratoga County robberies and the reference in a statement by a McDonald's employee to an axe allegedly used in the Schenectady County robbery which defense counsel contends was illegally seized from defendant's pickup truck. In addition, at oral argument, it was revealed that no facts have been established concerning the manner and circumstances surrounding the installation of the GPS tracking device or the seizure of the axe, black ski mask and bundled currency from defendant's vehicle.*

In view of this, and considering that the charges in the indictment reference the weapons and/or currency seized, that the legality of the sealed order and search warrants has a direct bearing on probable cause and that defendant had limited access to information, particularly with respect to the confidential informant, we find that defendant's factual allegations are sufficient to warrant a *Mapp/Dunaway* hearing (*see People v Bryant, supra*; *People v Mendoza, supra*). We further find that County Court failed to adequately set forth its findings of fact and conclusions of law in denying the motion as required by CPL 710.60 (6). Therefore, we hold this appeal in abeyance pending the completion of a *Mapp/Dunaway* hearing to further develop the record with respect to the circumstances surrounding the applications for the sealed order and search warrants and the execution thereof, as well as the manner in which evidence sought to be suppressed was recovered (*see e.g. People v Mathison*, 282 AD2d 283 [2001]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.

---

* Notably, the sealed order only authorized the installation of the GPS tracking device, not the search of defendant's vehicle. The search warrant authorizing the latter was not obtained until after defendant was taken into custody.