■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD FRANCE, Appellant. [854 NYS2d 698]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered August 11, 2005, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, affirmed.

The court's summary denial of defendant's suppression motion was proper. Defendant was provided with sufficient information to rebut the People's position that the police had probable cause to search him. The felony complaint alleged that defendant was identified by an informant, who was also the victim, as the perpetrator of the charged crime, and the voluntary disclosure form asserted that the victim pointed defendant out to the police moments before his arrest. The reliability of

the victim's information was bolstered by defendant's statement indicating that he had sold the very rings the victim had told the police defendant stole from him. Accordingly, it was not enough for defendant to deny that he committed the crime and to state that he was doing nothing unlawful at the time of his arrest (*see People v Roldan*, 37 AD3d 300 [2007], *lv denied* 9 NY3d 850 [2007]). Rather, he was required to demonstrate that the police acted unreasonably in relying on the victim (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]). Since defendant did not dispute that the victim had pointed him out to the police or deny giving the statement, the allegations in his motion papers did not raise any factual issue warranting a hearing (*see People v Mack*, 281 AD2d 194 [2001], *lv denied* 96 NY2d 903 [2001]).

This is not a case where "[b]ased upon . . . meager information, defendant could do little but deny participation in the [crime]" (*People v Hightower*, 85 NY2d 988, 990 [1995]). Moreover, it differs from *People v Bryant* (8 NY3d 530 [2007]), which the dissent relies on to support its position that the People provided insufficient information. In that case, the voluntary disclosure form stated that "a [w]itness picked out [defendant's] photo" (*id.* at 532) which the defendant contended made unclear whether he was identified as a person who committed a crime or as a person who frequented the area where the crime was committed, knew the victim, or was seen in the area at the time of the incident. The court found that the People did not sufficiently establish "the factual predicate for [defendant's] arrest" and that "[t]he People could not both refuse to disclose the informant's identity, *or at least some facts showing a basis for the informant's knowledge the police relied upon to establish probable cause for the arrest*, and insist that defendant's averments in his pleadings were insufficient to obtain a *Mapp/Dunaway* hearing" (*id.* at 534 [emphasis added]). Here, the People's pleadings clearly disclosed that the police relied on the informant having been the victim of the crime, his having identified defendant as the perpetrator, and defendant's own statement, to establish probable cause. Accordingly, defendant's challenge to "the sufficiency and reliability of the persons and/or information that [led] to his arrest" was insufficiently specific to require a hearing (*see People v Long*, 8 NY3d 1014 [2007]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Buckley, Sweeny and McGuire, JJ.

Andrias, J., dissents in a memorandum as follows: Because defendant's averments in support of his motion to suppress physical evidence are sufficient to warrant a hearing, I would

hold the appeal in abeyance and remit the matter for such hearing.

It is now well settled that, in determining the sufficiency of a defendant's factual allegations, a court must read the defendant's suppression motion in the context of the case and "[w]hether a defendant has raised factual issues requiring a hearing can only be determined with reference to the People's contentions." (*People v Bryant*, 8 NY3d 530, 533 [2007], quoting *People v Mendoza*, 82 NY2d 415, 427 [1993].) A court must also consider "the degree to which the pleadings may reasonably be expected to be precise in view of the information available to defendant" (*id.* at 534, quoting *Mendoza* at 429).

The felony complaint alleges that the arresting officer had been informed by an unnamed individual known to the District Attorney's Office that defendant approached the informant and stated in substance: "TAKE OFF THE RINGS. TAKE THEM OFF OR ELSE YOU WILL DIE. I HAVE A WEAPON WITH ME IF YOU DON'T WANT TO DIE YOU SHOULD GIVE ME WHAT YOU HAVE DO IT SLOWLY SO NO ONE WILL NOTICE." The informant also told the officer that while defendant was threatening him, defendant's hand was inside his jacket pocket as if he was holding something and pushing it outward. The informant stated that he then removed the rings and gave them to defendant.

The voluntary disclosure form (VDF) states that the alleged robbery occurred on January 3, 2005 at approximately 1:30 P.M. in front of Jackie Robinson Park near the corner of St. Nicholas and Edgecomb Avenues, which is located at 135th Street; that, at approximately 3:05 P.M., there was a "non-police arranged point out" identification of defendant in front of 561 West 145th Street; that, at approximately 3:08 P.M., defendant told Police Officer Alimonos, "I have the receipt and money from the pawnshop for the rings"; and that defendant was arrested at approximately 3:10 P.M. in front of 561 West 145th Street. The VDF further alleges that "$106.00 and a receipt from the pawn shop" had been obtained from defendant.

In support of defendant's motion to suppress the physical evidence seized, defendant's counsel stated, in pertinent part:

"22. Mr. France has not been provided with police reports or other Rosario material that may be necessary to support suppression of physical evidence; the defendant should therefore not be denied a Mapp hearing on the grounds that the defendant is unable to give precise factual averments in support of this motion . . .

"23. It is alleged that on January 3, 2005 at about 1:30 p.m.

Mr. France stole rings from someone else. He was arrested an hour and [a] half later in front of 561 West 145th Street . . . .

"24. Mr. France states that at or around 1:00 p.m. to 1:30 p.m. he was walking in the vicinity of 145th Street and near either Convent Avenue or St. Nicholas Avenue. He may have spoken to someone he knows from the neighborhood for a few minutes, then continued to walk along 145th Street. Sometime later that afternoon Mr. France was forcibly seized by uniformed police officers and searched resulting in the aforementioned items taken from his possession. Mr. France denies taking any property from anyone on that day, January 3, 2005; pretending he had a weapon, or possessing property without the permission or consent of the owner. Mr. France denies doing anything illegal at that time or prior to, 1:30 p.m., or at the time of his arrest. Since Mr. France's conduct can only be described as innocent, there was no probable cause for his arrest . . . Mr. France challenges both the sufficiency and reliability of the persons and/or information that lead [sic] to his arrest."

In support of his motion to suppress his statement, defendant asserted that any statements made "were involuntary as they were elicited by coercion and the force of police authority; pursuant to police questioning, while the Defendant was in police custody and prior to Miranda warnings."

The court granted defendant's suppression motion to the extent of ordering a hearing with respect to the voluntariness of his statement, but denied it with respect to the identification on the ground that it "was a point-out and that no police arranged identification occurred." As to the physical evidence seized, the court denied defendant's motion without a hearing, finding that defendant failed to make any sworn allegations of fact to contest the People's factual allegations in the felony complaint, VDF and indictment and that his failure to address the factual allegations in the felony complaint may be deemed a concession that renders a hearing unnecessary.

The People allege that not only did their papers provide defendant with sufficient information regarding his arrest, but that he had personal knowledge of such events inasmuch as he was present at the time the witness identified him to the police "in a face-to-face encounter" and, "quite obviously, was also present when he made his statement to the police officer." Thus, they argue, those facts reveal that probable cause for his arrest was based on "a civilian's tip and his own statement." However, nothing in the information provided to defendant by the People supports a conclusion that defendant was aware at the time of his arrest that someone had identified him as a robber, or that

he saw the unidentified informant point him out to the police (*compare People v Lopez*, 5 NY3d 753 [2005] [the defendant's written postarrest statement described events very close in time and place to one of the charged crimes, but defendant failed to controvert such statement, which on its face showed probable cause for his arrest]). As in *People v Bryant* (8 NY3d 530 [2007], *supra*), the informant's identity was never disclosed to defendant.

Moreover, the circumstances surrounding defendant's statement, which by itself did not give the police probable cause to search or arrest defendant, cannot be discerned from either the felony complaint, VDF or the indictment. The statement was allegedly made to Officer Alimonos not to the arresting officer, Officer Gonzalez, who swore to the felony complaint. The People asserted in opposition to defendant's motion that "the identification was not police-arranged. Rather, the witness was following the defendant, flagged down the police and pointed out the defendant." Not only is there no basis in the record for such statement, but it is seemingly implausible, since defendant was apparently arrested more than an hour and a half after the alleged robbery, approximately 10 or more blocks from the scene of the crime, and after he supposedly pawned the rings stolen from the unidentified informant. Nevertheless, the People unconvincingly argue that from the VDF defendant "knew" that "a civilian witness had followed him, then flagged down the police and identified him to the police."

Not only did defendant deny participating in any robbery that day or doing anything illegal at or prior to 1:30 P.M., or at the time of his arrest, but he stated that at or around 1:00 P.M. to 1:30 P.M. (the time of the alleged robbery in front of Jackie Robinson Park) he was 10 blocks away, walking along 145th Street. Thus, inasmuch as the court already ordered a hearing with regard to the voluntariness of defendant's statement made just before or at the time of his arrest, I see no plausible reason to deny defendant a hearing with regard to the physical evidence seized from him at the same time (*see People v Mendoza*, 82 NY2d at 429; *see also People v Rivera*, 42 AD3d 160, 161 [2007] [while technically not part of the test for determining the sufficiency of a defendant's factual allegations, since CPL 710.60 (3) merely permits, but does not mandate summary denial, the interest of judicial economy militates in favor of the court's holding a hearing on the suppression motion despite a perceived pleading deficiency]), particularly where the People argue that such statement, by itself, was so inculpatory that it alone provided the police with probable cause to arrest defendant.