People v Louis (2024 NY Slip Op 24266)

[*1]

People v Louis

2024 NY Slip Op 24266

Decided on October 17, 2024

Supreme Court, Kings County

Cesare, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 17, 2024
Supreme Court, Kings County

The People of the State of New York,

against
Wagner Louis, Defendant.

Ind. No. 77536-2023

For Defendant: Mitchell C. Elman, Esq.
For the People: Amelia Digirolamo, Esq.

Heidi C. Cesare, J.

Defendant has filed an omnibus motion seeking various forms of relief. The district attorney argues that the motion is untimely. Defendant argues that the Criminal Procedure Law allows him to wait to file pretrial motions until after the district attorney has completed automatic discovery and filed a certificate of good faith discovery compliance (CoC). He also argues in the alternative for this court to entertain his motions in the interest of justice and for good cause shown.
I. Factual Background
Defendant is charged with attempted murder in the second degree, criminal possession of a weapon in the second degree, and lesser offenses. He allegedly shot a man multiple times in the lower leg on November 22, 2023. The next day, a police officer viewed stills from surveillance video of the shooting. The officer had arrested defendant approximately three months earlier and identified him as the shooter.
On December 8, 2023, police arrested defendant on unrelated charges. The next day, one of the police officers who had arrested defendant the day before viewed a portion of video of the shooting and identified defendant as the shooter. Later the same day, police arrested defendant for the shooting.
On December 10, 2023, defendant was arraigned on a felony complaint in Criminal Court. The district attorney served notice pursuant to Criminal Procedure Law § 710.30 of intent to introduce statement and identification evidence (see Digirolamo aff in opp to mot, dated August 1, 2024, exh 1).
On February 5, 2024, defendant was arraigned on the indictment in Supreme Court. Defendant did not request inspection of the grand jury minutes. The court adjourned to April 30, 2024, for the district attorney to file a CoC.
Off calendar on February 20, 2024, the district attorney filed an Initial Discovery Notice [*2]and Disclosure Form (NDF). The NDF re-served the same notices pursuant to Criminal Procedure Law § 710.30 of intent to introduce statement and identification evidence that were served at the Criminal Court arraignment. The NDF also included notice pursuant to Criminal Procedure Law § 245.20 (1) (m).
Off calendar on April 29, 2024, the district attorney shared the first batch of discovery material with defense counsel on the OneDrive. This batch included the grand jury minutes and exhibits.
At calendar call on April 30, 2024, defendant did not request inspection of the grand jury minutes. The court adjourned to July 16, 2024, for the district attorney to file a CoC.
Off calendar on May 9, 2024, the district attorney served and filed a CoC and statement of readiness for trial. The inventory of discovery that accompanied the CoC listed the discovery provided to defendant on April 30, 2024, May 6, 2024, and May 9, 2024.
At calendar call on July 16, 2024, defendant did not request inspection of the grand jury minutes. The court adjourned to August 14, 2024, in Part 21, for the defendant to file a CoC and a pretrial conference.
Off calendar on July 19, 2024, defense counsel emailed an omnibus motion to the assigned assistant. The motion was filed on July 23, 2024.
Off calendar on August 1, 2024, the district attorney filed an affirmation in response to the defense omnibus motion.
At calendar call on August 14, 2024, this court offered defendant the opportunity to submit a supplemental affirmation in support of the omnibus motion and set a motion schedule for defendant to do so. This court adjourned to October 16, 2024, for decision on the motion.
Off calendar on September 1, 2024, defendant filed a good cause affirmation in support of the defense omnibus motion.
Off calendar on September 16, 2024, the district attorney filed an affirmation in response to the defense good cause affirmation.
II. Discussion
Under Criminal Procedure Law § 255.20 (1), the defendant must generally file all pretrial motions within forty-five days of arraignment on the indictment and before trial. The statute extends this forty-five-day deadline in three situations: (1) when material or information is provided in automatic discovery pursuant to Criminal Procedure Law § 245.20 (1) (m) or (n); (2) when an eavesdropping warrant and application is provided to the defendant pursuant to Criminal Procedure Law § 700.70; and (3) when the district attorney provides notice of intent to introduce evidence pursuant to Criminal Procedure Law § 710.30.
The statute provides certain exceptions to the forty-five-day deadline (see CPL 255.20 [3]). Under the first two exceptions, the court must decide a pretrial motion filed any time before the end of trial if the motion is "based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within" the forty-five-day deadline or "included within the single set of motion papers as required by subdivision two [of Criminal Procedure Law § 255.20]" (§ 255.20 [3]). Otherwise, the court may decide any other pretrial motion filed before sentencing "in the interest of justice, and for good cause shown" (id.).
Defendant failed to file his pretrial motions within the forty-five-day deadline required by statute. In this case, the forty-five-day deadline extended from February 20, 2024, the date [*3]when defendant received the NDF providing him with notice pursuant to Criminal Procedure Law § 245.20 (1) (m). Defendant's pretrial motions were thus due no later than April 5, 2024, but he did not file his omnibus motion until July 23, 2024. The omnibus motion was untimely.
The statute does not support defendant's argument that the forty-five-day deadline for filing a pretrial omnibus motion is extended from the date of the district attorney's final discovery disclosure and the filing of the CoC. The statute contains no such exception. Defendant argues that such an extension is implied by the language in the statute that extends the deadline from the date of discovery disclosures made pursuant to Criminal Procedure Law § 245.20 (1) (m) and (n). But the most logical reading of the statutory language that extends the filing deadline from the date of certain disclosures, but not from others, is that the deadline does not extend from the date of those other discovery disclosures. The Legislature would have inserted such language into the statute if that were true. In the absence of such language, the statute cannot be interpreted to extend the forty-five-day deadline from the date of the last discovery disclosure and the filing of the CoC.
Defendant's reading of the statute is undercut by recent legislative action to amend the timeframe for filing pretrial motions. During the 2023-2024 Regular Session of the Legislature, lawmakers in the Assembly and Senate introduced bills to amend subdivision one of Criminal Procedure Law § 255.20 to allow the forty-five-day time limit to run from the date that the district attorney completes discovery and files a CoC (see 2023 NY Senate Bill S5569, 2023 NY Assembly Bill A6396). The proposed amendment would require that "all pre-trial motions shall be served or filed within forty-five days after arraignment or the filing of a proper certificate of compliance pursuant to subdivision one of section 245.50 of this title, whichever is later" (2023 NY Senate Bill S5569 [emphasis in original], 
https://assembly.state.ny.us/leg/?default_fld=&leg_video=&bn=S05569&term=2023&Summary=Y&Text=Y [last accessed October 10, 2024]). The proposed amendment confirms that, under the plain terms of the current statute, the timeframe for filing pretrial motions is not extended until forty-five days after the district attorney completes all discovery disclosures and files a CoC (see People v Ayala, 142 AD2d 147, 162—163 [2d Dept 1988]).
Defendant also has not established that this case falls within any exception to the statutory forty-five-day deadline for pretrial motion practice. Defense counsel argues that he needed complete discovery to determine what motions to file, but that is untrue. He did not need any discovery to orally request inspection of the grand jury minutes. This request is routinely granted when made by defense counsel in court at the Supreme Court arraignment or any subsequent calendar calls. He also did not need any discovery to move to suppress the statement and identification evidence specified in the notice provided pursuant to Criminal Procedure Law § 710.30. Those motions do not have to be supported by allegations of fact to warrant a hearing (see CPL 710.60 [3] [b]; [4]; People v Mendoza, 82 NY2d 415, 421—422 [1993]). A hearing on those motions is literally "available for the asking by boilerplate allegations" (id. at 422). In fact, in this case, the motion was boilerplate. The one and only fact related to this case that was alleged in the motion was the date of defendant's arrest. Defense counsel could have filed this omnibus motion, as is, within the forty-five-day deadline. Defendant does not offer a valid excuse for not doing so.
Additionally, no defendant may delay motion practice because some motions, such as a motion to suppress evidence obtained by an unlawful search and seizure, must be supported by factual allegations (see CPL 710.60 [1]; [3] [a]; 710.20 [1]). Defense counsel must file such [*4]motions based on the information available to the defense when the motion is due (see People v Mendoza, 82 NY2d at 429 ["A third factor in determining the sufficiency of a defendant's factual allegations is the degree to which the pleadings may reasonably be expected to be precise in view of the information available to defendant"]). The discovery reforms did not repeal this long-standing rule. If the defendant has been denied access to discovery of information that is relevant to making a motion, the motion must identify the missing discovery and explain why the missing discovery is needed to make more fulsome factual allegations. Only then would the motion court be able to decide whether a hearing was warranted based on the limited information that was available to the defense at the time of the motion (see People v Bryant, 8 NY3d 530, 533—534 [2007]; People v Mendoza, 82 NY2d 415, 429 [1993]). And if the district attorney later provides additional discovery that is relevant to the motion, the defense may add that information to the motion in supplemental papers (see CPL 255.30). But no statute or precedent allows a defendant to delay motion practice based upon a blanket claim that pretrial motions cannot be filed until all discovery has been provided.
Lastly, this court is not persuaded to review the late omnibus motion "in the interest of justice, and for good cause shown" (id.). Defendant argues to the contrary on the ground that the case has not been scheduled for trial yet and that there is no reason to believe that motions were filed late to delay the trial (see Elman good cause aff in supp of mot at ¶ 27). This court does not share that view. No trial can begin while pretrial motions are pending (see CPL 710.40 [3]). Late pretrial motions necessarily disrupt "orderly trial procedures" (People v Lawrence, 64 NY2d 200, 207 [1984]). Defendant's disclaimer of intent to delay trial is not good cause for this court to entertain his late motions.
Moreover, the interest of justice is not served by entertaining the late motion. Defendant plainly waited to file his pretrial omnibus motion as a stratagem to have all time charged to the district attorney until the CoC was filed. Otherwise, defendant would have requested inspection of the grand jury minutes at arraignment and filed his boilerplate omnibus motion within the statutory forty-five-day deadline. This strategy worked. The district attorney filed the CoC and declared ready for trial within 151 days of the Criminal Court arraignment, and defendant accrued those 151 days as potential speedy trial time. If defendant had filed his boilerplate motion within the statutory deadline, the speedy trial clock would have stopped (see CPL 30.30 [4] [a]) and defendant might have accrued significantly fewer days of potential speedy trial time before the district attorney filed the CoC and declared ready for trial. Defendant was, of course, within his rights to pursue that strategy, but he cannot both profit from that strategy and then ask the court to entertain late motions under the guise of good cause.
III. Conclusion
For the foregoing reasons, defendant's pretrial motions are all denied as untimely, except for the request for a Sandoval hearing, which is referred to the trial court.
So ordered.
Dated: October 17, 2024
Brooklyn, NY
HEIDI C. CESARE, A.J.S.C.