People v Millan (2025 NY Slip Op 52163(U))

[*1]

People v Millan

2025 NY Slip Op 52163(U)

Decided on November 20, 2025

Criminal Court Of The City Of New York, Bronx County

Bahr, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 20, 2025
Criminal Court of the City of New York, Bronx County

People of the State of New York,

againstRafeal Millan, Defendant.

Docket No. CR-014964-25BX

For the defendant: The Legal Aid Society by Aaliyah SmithFor the People: The Bronx County District Attorney's Office by Sophia Evans

Harold E. Bahr, III, J.

To suppress evidence derived from a warrantless arrest without probable cause or, alternatively, a Mapp/Dunaway hearing, a defendant must plead facts establishing a right to privacy in the area searched and that law enforcement lacked probable cause to arrest the defendant. This defendant alleged that the defendant was doing nothing illegal when the police arrested him, and that, if the police relied on information broadcast on police radio, the defendant challenged the source's reliability and basis of knowledge. Were the defendant's allegations sufficient to warrant a Dunaway hearing?
In the superseding misdemeanor information, the People accused the defendant of committing third-degree assault,[FN1]
endangering the welfare of a child,[FN2]
and second-degree harassment [FN3]
by hitting his grandson several times in the head with his hand and then by pushing his grandson into a car. The grandson claimed that he suffered "substantial pain to his head" and "experienced annoyance, alarm, and fear for his physical safety."
Three months after the arraignment, the People provided the defendant discovery and filed their certificate of compliance, where the People explained that they provided the defendant, among other discovery, the District Attorney's case summary, arrest and complaint reports, a domestic incident report, notes from the Administration for Children's services, the 911 "call packet," and body-worn camera footage from seven police officers.
In his omnibus motion that he filed after the People had provided him discovery, the defendant moved to suppress statements he made to the police, an identification procedure, and the poisoned fruits—statement and identification evidence— of an unlawful arrest. The defendant [*2]asked alternatively for Huntley,[FN4]
 Wade,[FN5]
and Dunaway [FN6]
hearings. To support his motion to suppress statements the defendant made to the police, the defendant alleged that his statements were involuntarily made. As to his motion to suppress identification procedures, the defendant alleged that any police-arranged identification procedures were "unnecessarily and unduly suggestive."
Finally, to support his motion to suppress the tainted fruits of an illegal arrest, the defendant alleged that he had committed no illegal acts when the police arrived at his apartment, telling him they were arresting him for assault: "Mr. Millan had engaged in no observable unlawful behavior at that time and in the period preceding the seizure." The defendant also claimed that the police lacked a "requisite level of suspicion"; thus, the defendant's arrest violated his federal and state constitutional rights.
The People opposed the defendant's suppression motions but consented to a Huntley hearing. In opposing suppression and a Wade hearing, the prosecution provided the minutes from arraignments, when the defense counsel conceded that the defendant and complainant were known to each other and conceded, during her opposition to a full temporary order of protection, that the defendant was the complainant's grandfather and that they lived together. In opposing suppression of the tainted fruits and a Dunaway hearing, the People claimed that, on the incident date, when the complainant arrived at school after the alleged assault, he was crying and reported the incident to the school counselor. The counselor then notified ACS. NYPD went to the school and spoke with the complainant. The school told NYPD the defendant's name and where the defendant lived. When the police arrived at the defendant's home, body-worn camera showed the defendant opening the door and saying that he was the complainant's grandfather. The defendant then agreed to let the police into his apartment, where the police arrested the defendant. Later, at the police precinct, the police administered Miranda warnings, and the defendant made a statement.
After considering the defendant's omnibus motion and the People's opposition, the court rendered the following decision.
The court denied the defendant's motion to suppress identification procedures or, alternatively, a Wade hearing. When the parties are known to one another, suggestiveness is not a concern and no suppression hearing is required.[FN7]
 Here, the defendant, at his arraignment, conceded that the parties were known to each other and, in his application for a limited temporary order of protection, the defendant made the adoptive admission that the defendant was the complainant's grandfather and that they lived together.[FN8]
Thus, the court denied the hearing [*3]because, as a matter of law, it is virtually impossible for a nine-year-old grandson to misidentify his grandfather.[FN9]

The court denied defendant's motion to suppress the fruits of an unlawful arrest or, alternatively, a Dunaway hearing because the defendant failed to raise a factual dispute as to the probable cause for the defendant's arrest. When evaluating the sufficiency of the defendant's allegations, the court should evaluate "(1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant's access to information."[FN10]
As for the face of the pleadings, a defendant cannot proffer legal conclusions. Instead, the defendant must raise a factual dispute that requires a hearing to resolve. CPL 710.60 (3) lets the court summarily deny a suppression motion when the defendant fails to allege adequate sworn factual allegations.[FN11]
Either the defendant or other persons must provide those sworn allegations of fact.[FN12]
Presumably, the other people who may provide sworn factual allegations are people with first-hand knowledge of the alleged crimes.[FN13]
And the People's evidence may be the source of "another [*4]person or persons" with first-hand knowledge upon which the defendant may rely to get a suppression hearing.[FN14]
By contrast, a defendant cannot rely on guesswork, speculation, generalizations, and vague allegations to raise a factual issue on whether there was probable cause to support the defendant's arrest.[FN15]

As for the context of the defendant's motion, the court must compare the defendant's motion allegations with the People's allegations in their opposition papers, accusatory instrument, notices, and any disclosure forms. "When defendant is able to specifically deny this information but fails to do so, it may be deemed a concession, which may render a hearing unnecessary."[FN16]

As to the third Mendoza factor, a court, when determining the sufficiency of a defendant's factual allegations, must consider what information was available to the defendant before he filed his motion. The more information that is available to the defendant, the more specificity the defendant must supply.[FN17]
In other words, when the prosecution withholds from the defendant the predicate for the stop, a defendant's vague denial that he committed the alleged crime is sufficient to warrant a suppression hearing.[FN18]

Here, the defendant's vague, conclusory, and speculative factual allegations (supplied only by defense counsel without stating the information source) are insufficient to raise a factual dispute warranting a suppression hearing. The ample discovery provided to the defendant, including the district attorney's write up, ICAD, 911 calls, ACS report, etc., provided details of the defendant's arrest that he had to specifically deny.[FN19]
Because the People accused the defendant of assaulting his grandson hours before his arrest, the defense counsel's averments [*5]regarding the defendant's innocent behavior at the time of his arrest are irrelevant.[FN20]
And his vague, boilerplate challenge to the reliability and basis of knowledge of the informant whose allegations led to a radio run is clearly insufficient. The defendant did not specifically dispute that his grandson told the police that the defendant assaulted him, and based on that investigation, the police arrested the defendant. When there is a known informant who was the victim of the crime, the prosecution has established probable cause for the arrest. To successfully challenge that allegation, a defendant must proffer specific facts showing that it was unreasonable for the police to rely on that information:
"[T]o obtain a hearing, defendant must deny the specific basis proffered as justification for the action taken by the police. In the context of an arrest for assault on a non-police victim, that would generally require a denial not of the commission of the crime, but of the fact of the victim's report to the police. In other words, defendant would have to deny, if he truthfully could, not that he assaulted the victim, but that the victim ever told the police that he had done so."[FN21]
For those reasons, the court denied the defendant's motion to suppress the tainted fruits of an unlawful arrest or, alternatively, a Dunaway hearing.
IT IS ORDERED that the court grants a Huntley hearing; it is further
ORDERED that the court denies a Wade and a Dunaway hearing; it is further
ORDERED that the court denies the defendant's motion to compel the People to answer his bill of particulars because the defendant's request is untimely.[FN22]
Also, considering the People complied with their discovery obligations, the bill of particulars is unnecessary; it is further
ORDERED that the court denies the preclusion motion without prejudice with leave to renew before the trial court because the issue is unripe; it is further
ORDERED that the court, likewise, denies the in limine motions without prejudice with leave to renew before the trial court because the issues are unripe; it is further
ORDERED that the court denies the motion for more time to file additional motions, subject CPL 255.20 (3) for good cause shown;[FN23]
it is further
ORDERED that the People to comply with their continuing discovery obligations under Criminal Procedure Law, Article 245; it is further
ORDERED that the defendant to certify compliance with CPL 245.20 (4) and 245.50 (2) within 30 calendar days of this decision; it is further
ORDERED that any relief the parties sought that is not specifically granted in this [*6]decision is denied.
DATED: November 20, 2025BRONX, NEW YORKHon. Harold E. Bahr, III, J.C.C.

Footnotes

Footnote 1:Penal Law § 120.00 (1).

Footnote 2:Penal Law § 260.10 (1).

Footnote 3:Penal Law § 240.26 (1).

Footnote 4:People v Huntley, 15 NY2d 72 (1965).

Footnote 5:U.S. v Wade, 388 U.S. 218 (1967).

Footnote 6:Dunaway v New York, 442 U.S. 200 (1979).

Footnote 7:People v Gissendanner, 48 NY2d 543, 552 (1979); People v Tas, 51 NY2d 915, 916 (1980); People v Guzman, 227 AD3d 450 (1st Dept 2024).

Footnote 8:See arraignment transcript attached to People's opposition.

Footnote 9:See People v Boyer, 6 NY3d 427, 431-432 (2006) (citing Rodriguez).

Footnote 10:People v Mendoza, 82 NY2d 415, 426 (1993).

Footnote 11:People v Ibarguen, 37 NY3d 1107, 1108 (2021).

Footnote 12:CPL 710.60 (1).

Footnote 13: See e.g. United States v Shelby, 121 F3d 1118 (7th Cir 1997), cert denied, 524 U.S. 928 (1998) (discussing discrepancies between the defendant's affidavit supporting his suppression motion and defendant's testimony at the suppression hearing). While the Court of Appeals has not reached that conclusion, it was apparent from the oral arguments in People v Burton, 6 NY3d 584 (2006) that the Court struggled with the issue of whether defense counsel alone could assert factual allegations or whether the defendant had to be the source of such allegations:

 JUDGE ROSENBLATT: So he didn't say they searched me. Isn't this, the lawyer specking?
 
MS. BOYD: Yes, it's an affirmation by the lawyer —
JUDGE ROSENBLATT: All right, so, can we distinguish between, for constitutional purpose and the Fifth Amendment, should we distinguish between what the — what Judge Uveller in the appellate division seem to be demanding of a defendant which is I think that the heart of this as opposed to what the lawyer can say, if what Judge Uveller wanted is that the defendant, out of his own mouth, give a recitation so as to pin that defendant down so as not to be able to come in the court later in life. If that's what she wants, and if that what — what's the appellate division sustained, that's one thing. On the other hand, if the lawyer can say all these things, that's a very different thing. In here in this affidavit, the search was not attested to by, admitted by the defendant, all this is coming from the lawyer.
 
MS. BOYD: Right.
JUDGE ROSENBLATT: Now do you read — You read the appellate division is saying that nothing will do short of allegations from the defendant's own mouth that he was searched then that his — his body was invaded, that's how I read Judge Uveller — that's how I read the ruling, and I'll read to you right here and see whether the constitution is implicated, she said, denied absent personal allegations by the defendant acknowledging, then he go to the appellate division and they appear to be saying, very much the same thing. That the defendant himself must say it, although, the defendant, necessarily had direct knowledge, he didn't allege, no — anything. So, —

Footnote 14:People v Burton, 6 NY3d 584, 588 (2006), citing People v Ramirez-Portoreal, 88 NY2d 99 (1996).

Footnote 15:People v Rodriguez, 34 AD3d 320 (1st Dept 2006), lv denied 8 NY3d 884 (2007).

Footnote 16:People v Mendoza, 82 NY2d 415, 428 (1993) (citations omitted).

Footnote 17:See People v France, 50 AD3d 266 (1st Dept 2008) (upholding trial court's summary denial of suppression motion because the People provided ample information about the predicate for the stop).

Footnote 18:People v Bryant, 8 NY3d 530 (2007).

Footnote 19:People v Long, 8 NY3d 1014 (2007); see also People v Brinkley, 174 AD3d 1159 (3d Dept 2019) (upholding trial court's summary denial of defendant's Mapp/Dunaway hearing in light of the discovery provided to the defendant months before he filed his suppression motion).

Footnote 20:See e.g., People v Jones, 95 NY2d 721 (2001) (concluding that factual allegations of innocent conduct at the time of arrest do not require a Dunaway hearing).

Footnote 21:People v Sanchez, 16 Misc 3d 1110 (A), 2007 NY Slip Op. 51376(U) (Crim Ct, New York Co [Mandelbaum, J.] 2007).

Footnote 22:CPL 100.45, 200.95 (within 30 days of arraignments).

Footnote 23:Brill v City of New York, 2 NY3d 648, 652 (2004) (concluding that good cause "requires a showing . . . for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy").